## R. C. FULGHAM v. H. W. BENDY.

Where there is no statement of facts in the case, whereby it can be determined whether the charges, as given and refused, were pertinent, or mere abstractions, and where, for the want of such statement, it cannot be seen how far the case was affected by the exclusion of testimony ; neither the giving or refusing of the charges, nor the exclusion of the testimony, can form any ground for the reversal of the judgment.

It has been repeatedly decided, that parties wishing to have the action of the court reviewed, in giving or refusing charges, and in admitting or rejecting evidence, must prepare and send up a statement of facts. It seldom happens that a case is presented, in which such matters can be reviewed without a statement of facts, showing the relevancy and importance of the errors complained of.

APPEAL from Tyler. Tried below before the Hon. James M. Maxcy. The facts sufficiently appear from the opinion.

*S. A. Wilson*, for the appellant.

*Pickett & Rock*, for the appellee.

ROBERTS, J.—This is a suit upon a note given by the appellant to De Veuve, which is alleged to have been transferred, for a valuable consideration, to Bendy. The defence is, that it was given in the purchase of a tract of land, and that the appellant was induced to give it by the false and fraudulent representations of De Veuve, that he had full authority, as the agent and attorney of Cook and Curtis, to sell the said land, by which the appellant was deceived and defrauded. And that Bendy had notice, &c.

A bill of exceptions shows that the appellant, having given Bendy notice to produce the power of attorney given by Cook and Curtis to De Veuve, offered to prove its contents, by the testimony of a witness; and that said testimony was objected to and excluded by the court. It does not appear, that Bendy was shown to have been in possession of the said power of attorney,

or that any other foundation was laid for the introduction of this secondary evidence.

An objection is also made to the charge of the court, which directed the jury to find for the appellee, if they believed from the evidence, that Bendy became the owner of the note before its maturity, without notice of any outstanding equities, unless the defendant had proved the allegations in his answer. Charges were also asked by the appellant and refused, in reference to what would constitute notice to Bendy; and in relation to the effect of a want of authority of, or fraud committed by, De Veuve.

There is no statement of facts in the case, by which it can be determined, whether these charges, as given, and as refused, were pertinent, or were mere abstractions. (McMullin v. Kelso, 4 Texas Rep. 235.) Without such statement, it cannot be seen how far the case was affected by excluding the secondary evidence as to the power of attorney, even had there been error in its exclusion. (Hutchins v. Wade, 20 Texas Rep. 7.)

Parties wishing to have the errors of the court revised, in giving or refusing charges, and in admitting or rejecting evidence, should prepare and send up a statement of facts, as it has been repeatedly decided. It will seldom happen that a case can be presented, in which such errors can be revised, without a statement of facts showing the relevancy and importance of the matter sought to be revised. (See Galbreath v. Templeton, 20 Texas Rep. 47.)

Judgment affirmed.