## BLACKWELL v. PATTON.

See answers in this case, attempting to set up the defence of the statute of limitations, which, on general exceptions, were held insufficient.

A ruling, excluding testimony, if there be no statement of facts in the record, will not be inquired into.

APPEAL from Rusk.    Tried below before the Hon. Charles A. Frazer.

This was an action of trespass to try title, brought by the appellee, against H. W. Blackwell and Jedediah Blackwell, for the south-east fourth of a league of land, granted to James Jordan.    His petition was filed, February 10th, 1855.

The defendant, Jedediah Blackwell, answered by a plea of "not guilty," and a disclaimer.    The other defendant, H. W. Blackwell, answered "not guilty," and also as follows, to wit: "Defendant says, that he has been in actual possession, cultivating, and paying taxes for 320 acres, since the 1st of November, 1849; and that, within the time prescribed by law, he filed his affidavit as a pre-emption claimant, and had the same legally surveyed, and returned with a valid and genuine certificate, issued to Alexander Cormack, (or donation.) · He says, that he has been five years in possession, as a claimant, and that the same was made and surveyed before the Act of the Texas legislature, quieting the title, &c., to the land.

"He also pleads three years' possession, under a pre-emption survey, and valid land certificate, (to wit, Alexander Cormack,) before the bringing of this suit."

The said defendant afterwards filed the following amended answer, to wit:

"By leave of the court, for this purpose had, defendant files his amended answer, that he claims, under Alexander Cormack, bounty or military warrant issued November 8th, 1838, by B. E. Bee, for 640 acres, 320 acres of which belong to defendant, H. W. Blackwell; said certificate, No. 585.    Three hundred and

twenty acres of said certificate were surveyed for H. W. Blackwell, on the line of Smith and Rush counties, about twelve or thirteen miles west of Henderson, the same being made by virtue of H. W. Blackwell's pre-emption affidavit. He makes the exhibit (A,) a part of this answer for certificate, field-notes, and all therein contained."

The exhibit (A,) attached to, and made a part of the answer, contained a certified copy by the commissioners of the General Land Office, of the bounty warrant issued to Alexander Cormack, November 28th, 1837, by Barnard E. Bee, secretary of war, and approved by James S. Gillett, adjutant-general, April 19th, 1853; and the field-notes of a survey of 320 acres of land, made thereon, June 6th, 1850, for the said defendant.

On the 9th of May, 1857, the defendant filed the following further amended answer, viz:

"Defendant, H. W. Blackwell, specially says, that he is the owner and actual occupant of the land hereinafter described; and by virtue of the certificate, field-notes, metes and bounds set forth in exhibit A, filed and made a part of this answer, for number, date, to whom issued, &c., of Alexander ———; and also for the field-notes, time of survey, location, metes and bounds, together with exhibit (C) of file of pre-emption as to date, and all things therein contained. He avers, that he was in possession, on the 1st of November, 1849, cultivating, using, and enjoying the same, to wit, land set forth in field-notes of exhibit (A;) that said possession was an actual, peaceable and adverse possession to plaintiff, from the 1st of November, 1849, and under his pre-emption, as per exhibit B, and field-notes of exhibit C, of date June 6th, 1850, which was before the bringing of this suit; and of which land set forth in the exhibits, he is and was the actual owner, and continued to occupy, up to the bringing of this suit."

Exhibit A, referred to as a part of this answer, contained copies of the same papers set out in exhibit A, to the last amended answer. Exhibit C, was a copy of an order or direction, given by the defendant, January 4th, 1853, for the application of

320 acres of the said Cormack bounty-warrant to the field-notes of the survey made for him, as shown in exhibit A, with another copy of the same field-notes. There was no exhibit B attached to the answer, as stated in it.

And on the same day the defendant filed another amended answer, to wit, "Defendant amends his original answer, and 1st, says, that the Alexander Cormack, is a genuine and valid claim against the State of Texas, to wit, for 640 acres of land ; and that the same has been approved by the proper officer of the state of Texas ; to wit, No. 585, a donation or military warrant, issued by B. E. Bee, secretary of war, November 25th, 1837, and approved April 19th, 1853, by J. S. Gillett, adjutant-general, and exhibit A, certificate of the commissioner of the General Land Office is made a part of this answer, as to said certificate and approval. 2d. He says, 320 acres of said certificate was surveyed about twelve miles west of Henderson, on the line of Smith and Rusk counties, and where the plaintiff pretends to claim. He says that his possession was a peaceable, actual, and adverse possession to plaintiff, for the land set forth in the metes and bounds hereafter set forth, under a survey of the Alexander Cormack, applied to defendant's pre-emption, set forth in exhibit A, and made a part of this answer." (Here followed in the answer, a copy of the field-notes of the survey of 320 acres of land, identical with that in the exhibits attached to his previous answers.) "Defendant alleges that he filed his pre-emption on the 16th of May, 1850, and had the said survey made on the 6th of June, 1850, and that he is the owner of the land described in said field-notes. He further says, that if the land claimed in plaintiff's petition is the same, either in whole or in part, of the pre-emption survey, under the Alexander Cormack aforesaid, that the same belongs to the defendant, and not to the plaintiff ; and that the defendant is not a trespasser, but the actual owner and possessor of the same, from the 1st of November, 1849, and from the 6th of June, 1850, as specially set forth above.

"Defendant further answering, says, that he adopts the answers and amendments originally filed, as a part of this answer.

Defendant answering, says, under the statute of limitation, that he had an actual, peaceable and adverse possession against the land claimed in plaintiff's petition, from the 1st of November, 1849, and under his pre-emption from May 16th, 1850, which possession was continuous up to this time, and was before the bringing of this suit by plaintiff, on the 10th of February, 1855. He files his answer for limitation of three years, five years, and ten years, under articles of 2391, 2392 and 2393, and that his was a possession, adverse to plaintiff, for land mentioned in his petition; he, the defendant, owning the same, and cultivating, using and enjoying the same under his actual possession of 1st of November, 1849, and his pre-emption survey of 1850, as set forth in exhibit A, (the same heretofore referred to,) made a part of this answer, which articles, numbered above, are also numbered 15, 16 and 17, of the statute of limitations of 1841, under which sections, defendant sets up his right as possessor, and for a bar under its provisions to the prosecution and claim of the plaintiff in his petition and against his possession.

"LEWIS & FLANAGAN,
"Attorneys for defendant."

The court sustained a general exception filed by the plaintiff, to the answer and amended answers, setting up the defence of the statute of limitations; and there was a verdict and judgment against the defendants, from which they took their appeal.

*Armstrong & Parsons*, for the appellants.

*John C. Robertson*, for the appellee.

BELL, J.—The court below did not err in sustaining the exceptions of the plaintiff to the several answers of the defendant, H. W. Blackwell. The statute of limitations was nowhere well pleaded.

The objections of the defendant below, to the admissibility of the deeds offered by the plaintiff, were properly overruled by the

court. We do not perceive that any valid objection to the admissibility of the plaintiff's deeds could have been urged.

We do not feel it to be our duty to inquire into the correctness of the ruling of the court, excluding the testimony offered by the defendant. The parties have not seen proper to bring us a statement of facts, and we cannot know, from the record, whether the ruling of the court excluding the evidence of the defendant, as stated in the bill of exceptions, was a matter of any consequence or not. We do not mean to intimate that the ruling was erroneous, but simply to re-assert what this court has often before decided, that we will not consume time in the consideration of questions which the parties have not taken the pains to show us to be material. The defendant's pleas of limitation, or what seem to have been intended for pleas of limitation, had been, as we think, properly held to be bad. If the defendant really had any case to present to the court, he should have amended his pleading, and provided himself with some substantial basis to act upon. This was not done, and in the present state of the record, we cannot say there is any error for which the judgment ought to be reversed. The judgment of the court below is therefore affirmed.

Judgment affirmed.

ROBERTS, J., did not sit in this case.