SIMON L. JONES ET AL. v. MARIA JOSEFA CAVASOS ET AL.

Where the plaintiff had sued in trespass to try title, and the defendant plead
in reconvention title in himself, and the plaintiff declined to prosecute his
suit, and the defendant proved his title, and there was no statement of
facts, the court will not consider whether or not there was error in exclud-
ing papers which did not in themselves constitute a muniment of title.

It is not the duty of the court to inquire into the correctness of the ruling

excluding evidence, unless the bill of exceptions shows that the evidence was material, and for that purpose the evidence ought to be set out in the bill of exceptions. (Paschal's Dig., Art. 217, Note 280.)

ERROR from Calhoun.   The case was tried before Hon. FIELDING JONES, one of the district judges.

This suit was originally brought by the plaintiffs in error in the district court of Cameron county, on July 31, 1854, against the defendants in error, Maria Josefa Cavasos, Elisha Basse, Robert H. Hord, and the city of Brownsville, to recover a small tract of land, then and now within the limits of Fort Brown.   The defendants, except the city of Brownsville, answered by a demurrer, and pleas of general denial, and not guilty, and on May 8, 1855, Maria Josefa Cavasos filed a plea of reconvention in the usual form, claiming the land sued for.   The cause was transferred to Nueces county, on affidavit, and again, on account of the disqualification of the judge and by consent, to Calhoun, where it was tried at the fall term, 1858.   At the trial, the plaintiffs said that they "would not further prosecute" their suit; but the defendant, Cavasos, insisting on a trial on her plea in reconvention, her evidence was submitted to the jury, and showed a clear and undisputed chain of title under a Spanish grant, with possession for over seventy years.   The plaintiffs, in rebuttal, offered a package of papers "in the exidos Matamoros," which was objected to by the counsel for defendant, when the court "refused to permit said plaintiff to give any evidence whatever, saying that, in the position they stood, they were not entitled to give any; and said plaintiffs accordingly gave no such evidence."   The jury found a verdict for Cavasos, on her plea in reconvention, and, a motion for a new trial being overruled, judgment was entered in her favor on the plea, and dismissing the plaintiffs' suit as to all the defendants. The plaintiffs sued out a writ of error, and assigned for error the refusal of the court to admit the evidence offered by them and the denial of a new trial.

*Ballinger & Jack*, for plaintiffs in error.—Each party alleged title to the premises in dispute: the plaintiffs by their petition, the defendants by their plea.

The plaintiffs declined to proceed with their case, and, under the liberal practice adopted by our courts, the defendant, under her plea, was allowed to proceed with hers.

"Not guilty of trespass," is all that is necessary to let in any proof of denial of plaintiff's or assertion of defendant's title.

The plaintiff's petition remained as his pleading in the case, although they had declined to prosecute their suit as plaintiffs.

Their allegation of title in themselves to the premises, and that defendant was a trespasser, stood as pleading of which they were perfectly entitled to avail themselves. The most rigid rule of construction of pleading would allow their averments to be fully equivalent to a denial of defendant's title and assertion of title in themselves. They might well choose not to prosecute their suit affirmatively, but this did not preclude them, nor was it in any degree inconsistent with their right to defend to the utmost extent. And the ruling of the court, that their "predicament" prohibited this, was manifestly and singularly erroneous.

Under our system, the defendant's plea stood as denied, and any evidence could have been given to repel it.

The following authorities are deemed conclusive of the case: Parrott v. Underwood, 2 Tex., 168; McDonald v. Tinnon, 20 Tex., 245.

*Wm. G. Hale*, for defendants in error, relied on the following points: 1. In ascertaining the precise point decided below, when different statements concerning it appear in a bill of exceptions and other parts of the record, the bill will control. (Gaines v. Salmon, 16 Tex., 312; State v.

Flemmons, 6 Ind., 279.)   And a bill of exceptions being drafted by the party complaining will be construed most strongly against him. (Andrew v. Broughton, 23 Ala., 200.)

2.  Under these rules, the refusal of the district court to admit evidence must be construed to have related to evidence of the character offered by the plaintiffs, that is, vague and incomplete evidence of an attempted appropriation of the exidos Matamoros, not connected with the plaintiffs, and indefinite as to locality.  (Biencourt v. Parker, Galveston T., 1864,) [27 Tex., 558.]

3.  But if the ground taken on the other side should be, that the district court refused to receive any evidence, on the ground that the plaintiffs could not introduce any, then my reply is, that it is not shown that the plaintiffs actually sustained any injury by such refusal.  (Sutleff v. Lunsford, 8 Ired., 318; Whitesides v. Twitty, 8 Ired., 431.) It was their duty to present distinctly their evidence, and on its exclusion to insert the whole in their bill of exceptions, so that this court might see whether the ruling was erroneous, or, if erroneous, whether, on the whole case, the plaintiffs were injured.  (Styles v. Gray, 10 Tex., 503; Hancock v. Dimmon, 17 Tex., 371; Wade v. De Witt, 20 Tex., 400; Turner v. Fendall, 1 Cranch, 132; Jackson v. Roberts' Exrs., 11 Wend., 422; Gratz v. Gratz, 4 Rawle, 430.)   And a mere offer of testimony generally is not sufficient, without showing the precise facts.  (Larned v. Buffington, 3 Mass., 551; Fowler v. Lee, 4 Mumf., 374–376; Patten v. Hunnewell, 8 Greenl., 19; Johnson v. Jennings, 10 Gratt., 8.)

4.  And, indeed, the plaintiffs, having alleged title and seizin in themselves, could not be permitted in the same cause to give evidence of a paramount title; nor could they, after having discontinued their suit, give evidence of their own title.

SMITH, J.—The correctness of the ruling of the court

in the exclusion of the evidence offered by the plaintiffs is the most material point complained of by them; and whether the action of the court can be maintained as an abstract principle of law, and for the reasons given, may admit of doubt; but, as said by Mr. Justice Bell, in Blackwell v. Patton, 23 Tex., 674, "We do not feel it to be our duty to inquire into the correctness of the ruling of the court excluding the testimony offered by the defendant. The parties have not seen proper to bring us a statement of facts, and we cannot know from the record whether the ruling of the court excluding the evidence of the defendant, as stated in the bill of exceptions, was a matter of any consequence or not. We do not mean to intimate that the ruling was not erroneous, but simply to re-assert, what this court has often before decided, that we will not consume time in the consideration of questions which the parties have not taken the pains to show us to be material."

It has been repeatedly held by this court, that the materiality of the excluded testimony must be made to appear by statement of facts or bill of exceptions, which should set forth the testimony itself, so that this court may determine its materiality, and whether the complaining party has been injured by the erroneous ruling of the court. (21 Tex., 407; 7 Tex., 593.) If it appear that a link in the chain of the title was improperly excluded, the court might infer its materiality and consequent injury, and reverse the judgment. (17 Tex., 70; 18 Tex., 55.)

In this case the plaintiffs have not taken the pains to set forth in bill of exceptions or statement of facts any part of the excluded papers; and we cannot see or say that any of them appertain at all to the *locus in quo;* or, if they do, that "the package of papers in the exidos Matamoros" afforded one valid link in this chain of title to the land sued for; and we must say that we see nothing in the record going in the least to show that the plaintiffs have been deprived of any right, or in the least injured by the

ruling of the court, though never so erroneous. It is not sufficient to reverse a judgment simply because the court below may have erred in its rulings as abstract propositions of law, or because it may have given reasons not deemed sufficient. But the complaining party must make it appear, also, that he has been deprived of some right, or has been injured by the erroneous ruling.

We deem it unnecessary to notice any other assignment of errors; and, as no error is apparent for which the judgment should be reversed, the same is therefore

AFFIRMED.