## C. H. STITH v. GILBERT JACKSON.

### SUPREME COURT, AUSTIN TERM, 1882.

*Evidence—Competency of one partner to prove partnership—Statement of facts.* —On the grounds of public policy, courts have held that neither the husband nor wife were competent witnesses in suits for divorce, but no authority is shown to the effect that a partner is not competent to testify either in favor of, or against the interest of the partnership or any of its members, and it cannot be perceived why the partnership could not be established by the testimony of one of the partners.

In the absence of a statement of facts, the judgment will not be reversed because of the erroneous ruling of the court in excluding evidence, unless it manifestly appears from the record that injury resulted from such ruling.

Error from McLennan county.—Stith brought this suit against Jackson, December 24, 1873, to recover the balance of the proceeds of eighty head of horses, which it was alleged Fleming and Jackson drove to market and sold for one John H. Stith, under a contract with him

to the effect that they would drive the horses to market and sell the same for him for a compensation of ten dollars per head, and to account to pay Stith the balance of the money arising from such sale; this was in 1866, and the horses were driven and sold the same year for $3123, of which amount there remained upaid about $1500, which had been transferred to plaintiff in error for value, by said John H. Stith. Fleming had become insolvent, and was not sued.

Jackson answered by general demurrer, general denial, special denial of partnership between him and Fleming; and further, that he had no connection with the matter of the driving and selling of the Stith horses; that he had employed Fleming to drive cattle to market for him, and that Stith turned over the horses to Fleming on private contract between them, with which he, Jackson, was not connected, and knew nothing of; that he knew nothing about the horse transaction, and never received any of the proceeds arising therefrom.

The case was tried December 18, 1874, and a verdict was returned and judgment rendered in favor of Jackson. That judgment is now before the court on writ of error. There is no statement of facts in the record. The only error relied on is the exclusion of evidence by the court, which was shown by bill of exceptions.

Opinion by Watts, J.—It was alleged, in effect, by appellants that Fleming and Jackson were partners in the matter of driving and selling the horses for John H. Stith. This partnership was denied by Jackson, under oath, and the issue of partnership thus formed was presented to the jury by the charge of the court. From the record, it appears to have been one of several material questions in the case.

Upon the trial, the appellant offered to read, as evidence, the deposition of Fleming, which tended to establish the partnership as alleged. The introduction of this evidence, so far as it tended to establish the partnership, was objected to by appellees on the ground that the existence of a partnership could not be established by the testimony of one of the partners. This objection was sustained by the court, and testimony excluded. The statute then in force provided that "In the courts in this State there shall be no exclusion of any witness on account of color, nor in any civil action because he is a party to, or interested in, the issue tried." The

only exception to this rule named in the statute is as to cases wherein the judgments might be rendered against executors, administrators or guardians; then neither is allowed to testify against the other, as to any transaction with, or statement by, the testator, intestate, or ward, unless called to testify by the opposite party, or required to do so by the court.

On the ground of public policy, the courts held that neither the husband nor wife were competent witnesses in their own behalf in suits for divorce. But no authority is shown to the effect that a partner is not competent to testify, either in favor of or against the interest of the partnership or any of its members. And we are unable to perceive, upon the ground of the public policy, why the partnership could not be established by the testimony of one of the partners.

In excluding the evidence, the court erred, but as there is no statement of facts in the record, we are not able to determine the effect of that error.

Justice Bell, in delivering the opinion of the court in Blackwell v. Patton, 23 Texas, 674, said: "The parties have not seen proper to bring us a statement of facts, and we cannot know, from the record, whether the ruling of the court excluding the evidence of defendant, as stated in the bill of exceptions, was a matter of any consequence or not."

While the issue of partnership would appear from the record to be a material one, still it does not necessarily appear that appellant was injured by the ruling of the court in excluding the evidence, for that is not the sole issue in the case to which evidence might have been adduced that would have precluded a recovery by the appellant.

In the case of Fulgham v. Brady, 23 Texas, 64, the court, in effect, held that parties desiring to have the action of the court reviewed in admitting or rejecting evidence, must prepare and send up a statement of facts, showing the relevancy and importance of the error complained of.

Under the pleading in this case, evidence might have been adduced under other issues that would have precluded a recovery by appellant. That being true, we would not be authorized in reviewing the judgment, when the appellant had failed to place us in possession the facts proven, and by which we could have determined whether or not he had been injured by the erroneous ruling of the court.

The rule is, that when there is a statement of facts in the record, from which it is doubtful whether the party complaining had or not been injured by an erroneous ruling of the court in excluding evidence, the judgment will be reversed. While in the absence of a statement of facts, to authorize a reversal upon that ground, it must manifestly appear from the record that he was injured by such ruling.

We are of opinion that the judgment of the court below ought to be affirmed.