## MISSOURI PACIFIC RAILWAY COMPANY v. J. L. EDWARDS.

### No. 2794.

1. **Measure of Damages—Pleading.**—In a suit against a railway company, if the petition alleges facts which if true would entitle the plaintiff to damages on account of injury to specific articles of freight, to be measured by their value at the point of destination, the defendant can not introduce evidence of a special contract to limit its liability to a more restricted measure of damages, in the absence of plea setting it up.

2. **Evidence—Practice in Supreme Court.**—In the absence of a statement of

facts, when from the statement contained in a bill of exceptions to the introduction of evidence it can not be ascertained whether the evidence could have prejudiced the complainant, its admission can not afford ground for reversal. Abstract error will not suffice; it must be error with reference to the cause of action or defense.

APPEAL from Tarrant.    Tried below before Hon. R. J. Boykin, Special District Judge.

The opinion states the case.

*Finch & Thompson,* for appellant.

*D. F. Templeton, W. E. Singleton,* and *Ball, Wynne & McCart,* for appellee.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee to recover damages for injury to cattle shipped by him from a point in Texas to a point in New Mexico, and it resulted in a judgment in his favor.

There is no statement of facts and but two questions presented. From a bill of exceptions it appears that appellant proposed to introduce in evidence one clause in a shipping contract, which provided that in event of total loss the measure of damages should be the value of the cattle at time and place of shipment.

This was objected to on the ground that there was no pleading to authorize the introduction of such evidence, and on the ground that such a contract was contrary to law, and the objections were sustained.

Appellant's pleading consisted of a general demurrer, plea of not guilty, and the further plea alleging if the cattle were injured this resulted from the negligence of appellee. Neither party pleaded a written shipping contract.

If appellant wished to rely on the matter proposed to be proved for the purpose of fixing the measure of damages, it would seem that it ought to have been pleaded, in view of the fact that pleadings of appellee stated facts which would have entitled him to compensation to be measured by the value of the catttle at place of destination and time when they ought to have reached that place.

In the absence of a statement of facts, or a further statement than the bill of exceptions contains, we can not know whether the evidence, if admitted, could possibly have changed the result.

The proof offered had application only to such cattle as were wholly lost, but the petition claimed damages for the value of cattle alleged to have been killed, and also for damages for injuries done to cattle not killed, as well as for extra expenses incurred by delay in transportation, and we can not know from the record before us that any cattle were totally lost, and the evidence offered had application only to such a loss; nor can

we know that the value of the cattle at the time they should have been delivered at destination was there greater than at the place and time of shipment. This being true, the appellant does not show that it was in any way prejudiced by the ruling of the court.

"To reverse a judgment, in the absence of a statement of facts, on such grounds, this court should ordinarily be able to see not only that the court had erred, but that such error must with reasonable certainty have produced a substantial injury to the party in his cause. An abstract error upon a point of law applicable to the evidence is not enough. It should appear manifestly to have been a wrongful error in reference to the cause of action or defense." McCarty v. Wood, 42 Texas, 39; Lockett v. Schurenburg, 60 Texas, 610.

Without a statement of facts we can not know that the injuries occurred under such circumstances as would justify the enforcement of such a contract.

The other objection relates to the charge of the court as to the measure of damages, and without a statement of facts we are unable to pass on its correctness when applied to the case made by the pleadings and evidence.

The petition made a case in which the charge given would be correct, and in the absence of a statement of facts the presumption is that the evidence justified the charge given.

We find no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered December 6, 1889.