## Atchison, Topeka & Santa Fe Railway Company
### v. Edward Lochlin.

#### No. 235.

**1. Bill of Exceptions in Absence of Statement of Facts.**
In the absence of a statement of facts, the rulings of the trial court in admitting and excluding evidence will not be revised, unless it appear from the bill of exceptions and the record that such ruling is erroneous, and that it caused injury to the party complaining.................................... 469

**2. Same—Case in Judgment.**
The condition of the railway track at the place of the injury in litigation being in issue, and it appearing by bill of exceptions that testimony over objection had been admitted, that subsequent to the injury a culvert had been placed there, and that none was there before, there being no statement of facts, a verdict for plaintiff will not be set aside on grounds of the admission of such testimony, it not appearing that the testimony was inadmissible, or that injury resulted from its admission.......................... 470

Certified Question from Court of Civil Appeals for Fourth District, in an appeal from El Paso County.

*Falvey & Davis*, for plaintiff in error.—It is error to admit evidence of changes on the part of a railway company to improve the service after the accident, although the changes should have been suggested and caused by the accident itself.    And even if such testimony might in some cases be admissible in rebuttal, the court must confine and

limit it to that purpose in its charge.  Railway v. Hackett, 1 Texas
Civ. App., 554; Railway v. Briggs, 4 Texas Civ. App., 517; Railway
v. McGown, 73 Texas, 355; Railway v. Hennessey, 75 Texas, 155;
Railway v. Burns, 4 Texas Law Rev., 54–56; Eli v. Railway, 16 Am.
and Eng. Ry. Cases, 342; Hudson v. Railway, 8 Am. and Eng. Ry.
Cases, 464; Morse v. Railway, 30 Minn., 465; Cramer v. Burlington,
49 Iowa, 627; Sweetland v. Tel. Co., 27 Iowa, 434.

*W. B. Brack* and *Millard Patterson*, for defendant in error.—The bill
of exceptions can not be considered for any purpose, because it does
not show what answer the witness gave to the question, objections to
which were overruled.  Nor does it show certainly that the witness
answered the question at all.  The ruling of the trial court is pre-
sumed to be correct, and a presumption will not be indulged to re-
verse it.

The bill presented by counsel shows the following facts, and none
other: first, the question asked; second, the objection to the question;
third, that the objection was overruled; fourth, that the action of the
trial court in overruling the objection was excepted to.

The explanation given by the court shows: first, the facts which had
been admitted in evidence before the question was asked upon which
the trial court based its ruling; second, that to rebut this testimony
(the facts admitted before the question was asked), the trial court ad-
mitted the testimony "as set forth in the bill of exceptions;" third,
there is no testimony "set out in the bill of exceptions," except that
which preceded the question objected to.

In Bailey v. Trammell, 27 Texas, 326, 327, it is held, "that as the
appellant complains of an alleged erroneous ruling of the trial court,
it was its duty to preserve such evidence of it in the record as will
leave no doubt about the matter in the appellate tribunal."  Cheek
v. Herndon, 82 Texas, 151; Beeks v. Odom, 70 Texas, 186; Roundtree
v. City of Galveston, 42 Texas, 623.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the
Fourth Supreme Judicial District has certified the following statement
and question for the consideration of this court:

"This is a suit brought for damages against appellant for personal
injuries alleged to have been caused by defendant's negligence in allow-
ing water to accumulate so as to weaken its roadbed.

"The verdict was in favor of the plaintiff for $10,500.  The record
contains no statement of facts.  The defense was a general denial.
The following is a copy of a bill of exceptions in the record:

"'Be it remembered, that upon the trial of the above styled and
numbered cause, while the witness William Eglinton was on the stand
testifying as a witness for defendant, and while being cross-examined

by attorney for plaintiff, said witness was asked by said attorney to state whether or not before the occurrence of the accident wherein plaintiff was injured there was any box, opening, or culvert in the railroad track at the place of the accident for the escape of water, to which the witness replied that there was not. Plaintiff's said attorney then asked said witness to state whether or not there has been any culvert put in there since that time. Defendant then and there by its counsel objected to such question, on the ground that the evidence as to repairs and improvements in the roadbed since the accident is incompetent, irrelevant, and inadmissible, and calculated to divert the mind of the jurors from the real facts at issue, to the prejudice of the defendant. Which said objection was overruled by the court, to which ruling of the court the defendant then and there in open court excepted, and here and now presents its bill of exceptions, and asks that the same be allowed and entered of record.'

"The foregoing bill of exceptions is allowed, with the following explanation: The plaintiff offered (in the introduction of his testimony) to prove, that after the accident the defendant company had put in culverts, but objections to this evidence were sustained. Plaintiff, on cross-examination of the witness William Eglinton, proved, that the track in the vicinity of the place of the accident, and previous to the accident, had been washed out a little by water from the acequia. The defendant then, on redirect examination, proved, that the said washouts at said place had been fixed by filling up the holes under the track, and that this way of fixing it was satisfactory to him; and that after having investigated the matter and looked into the facts he, as an expert in railroad construction and maintenance, was of the opinion that this repairing was sufficient. The roadmaster (the same witness) further testified, that there was nothing to call for different repairs, and nothing to call for culverts at this place to meet the necessities of rises and floods of water. To rebut this testimony, I admitted the testimony set out in the bill of exceptions. C. N. Buckler, Judge Presiding.

"Question: Should we consider an assignment which claims that there was error in admitting testimony of the subsequent construction of a culvert at the place of the accident, as indicated in the above bill of exceptions, in the absence of a statement of facts?"

Answer: There being no statement of facts in the record, the assignment of error based upon the bill of exceptions copied above should not be considered by the court.

The rule established upon this question by the former decisions of this court is, that in the absence of a statement of facts the rulings of the trial court in admitting and excluding the evidence will not be revised, unless it manifestly appear from the bill of exceptions and the record that such ruling is erroneous, and that it caused injury to the party complaining. Railway v. Edwards, 75 Texas, 334; McCarty v.

Wood, 42 Texas, 39; Lockett v. Schurenburg, 60 Texas, 610; Jones v. Cavasos, 29 Texas, 428; Blackwell v. Patton, 23 Texas, 670.

If from the bill of exceptions and the record as presented it appear that the ruling complained of is wrong as a matter of law, and that material and admissible evidence has been excluded, which necessarily controlled the finding of the jury, and without which the action or · defense could not be maintained, or if evidence has been admitted which in no phase of the case could be properly admitted, and in either case that the ruling must have affected the result to the injury of the complaining party, the ruling ought to be revised, although there be no statement of facts in the record. Harvey v. Hill, 7 Texas, 591; Galbreath v. Templeton, 20 Texas, 44; Dolby v. Booth, 16 Texas, 563; Fox v. Sturm, 21 Texas, 407.

The question submitted does not call for a decision as to whether or not the court properly admitted the evidence as shown by the bill of exceptions; but even if the reasons given by the court are not sufficient to sustain the ruling, yet it may be that upon the whole evidence the ruling was correct, and this court will not decide a question of this character to the detriment of the party recovering, except upon a full view of the facts. It is not true that this testimony can not be properly admitted in any state of case or for any purpose, and it will be presumed that it was correctly admitted until the contrary is shown.

Delivered January 28, 1895.