**PHILADELPHIA UNDERWRITERS' AGENCY OF FIRE ASS'N OF PHILADELPHIA v. CHEEVES et al. (No. 5752.)**

(Court of Civil Appeals of Texas. March 6, 1917.)

1. APPEAL AND ERROR ⪦1053(3)—REVERSAL —PREJUDICIAL EVIDENCE.

Whether a case will be reversed because of testimony introduced calculated to prejudice jury, when court instructed jury to disregard it, will depend on particular facts of each case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4180–4182; Trial, Cent. Dig. § 977.]

2. APPEAL AND ERROR ⪦1053(3)—REVERSAL —PREJUDICIAL EVIDENCE.

Where a verdict against insurer was supported by the evidence, and jury were directed to disregard witness' statements as to payment of a policy by another company, not called for by the question, and counsel asking it conceding the objection will be taken, it will not be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4180–4182; Trial, Cent. Dig. § 977.]

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by P. E. Cheeves and others against the Philadelphia Underwriters' Agency of the Fire Association of Philadelphia. Judgment for plaintiffs, and defendant appeals. Affirmed.

Crane & Crane, of Dallas, for appellant. W. O. Cox and Sam D. Snodgrass, both of Temple, for appellees.

KEY, C. J. This is a county court case, in which the plaintiffs recovered a verdict and judgment against the defendant upon an insurance policy against damage by tornado, windstorm or cyclone, and the defendant has appealed.

But four questions are presented in appellant's brief, all of which have been considered and decided against appellant. The second is the only one we care to refer to in this opinion; and, while it is not entirely free from difficulty, we have reached the conclusion that the case should not be reversed on that point.

[1, 2] The question referred to arises in this way: The policy sued on was for $4,000. The damage alleged to have been sustained was $955.70, but the plaintiffs sued the defendant for only half of that amount, and in explanation of that fact they alleged that they held another policy against another insurance company for the same amount, and therefore the defendant was liable for only half the value of the property. While one of the plaintiffs was testifying, he was asked by his counsel if he had another policy upon the building, and if it was for the same amount, and he answered that he had; that it was for the same amount, and had been paid. Whereupon the defendant's counsel not only objected to that portion of the answer

of the witness which stated that the other policy had been paid, but asked the court to withdraw the case from the jury and to declare a mistrial. In reply to that request the plaintiffs' counsel stated to the court that he did not insist upon that part of the witness' answer, and that he was willing for the court to instruct the jury not to consider that statement, which the court immediately did by telling the jury orally that they must disregard the answer of the witness in reference to the payment by any other company of any other policy. The court overruled the defendant's request to have the trial arrested and a mistrial declared, and defendant excepted, and that ruling is assigned as error.

Cases have been reversed by the Supreme Court and by this court because of the wrongful conduct usually of overzealous counsel in willfully placing or attempting to place before the jury testimony highly calculated to arouse sympathy, or otherwise improperly influence the jury, notwithstanding the fact that the trial court had attempted to prevent such harmful result by instructing the jury to disregard such testimony. However, that rule is not inflexible; the holding being that each case must be decided upon its own peculiar facts. In this case the question asked by appellees' counsel did not call for the portion of the answer that was objected to, and it is not made to appear that the witness who volunteered that additional statement did so for the purpose of getting before the jury improper testimony. As soon as that testimony was objected to the attorney on the other side conceded that the objection was well taken, stated that he did not insist upon such testimony, and that he was willing for the court to instruct the jury to disregard it, which was done.

In view of the facts referred to, and the further fact that the verdict of the jury seems to be well supported by the testimony given by the plaintiffs' witnesses, and also in accordance with the decided preponderance of the evidence, we have reached the conclusion that this case should not be reversed on account of the conduct here complained of.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.