PRUITT et al. v. BLESI et al.     (No. 7985.)

(Court of Civil Appeals of Texas. Dallas. May 25, 1918. On Motion for Rehearing, June 22, 1918.)

1. APPEAL AND ERROR ☞628(2), 771 — DISMISSAL OF APPEAL—FAILURE TO FILE STATEMENT OF FACTS.

Upon a motion, made 11 months after perfecting appeal and 8 months after filing transcript, requesting affirmance of judgment because neither a brief nor statement of facts had been filed, appellant's excuse that the court reporter had failed to transcribe and file the trial testimony in question and answer form as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1924, is insufficient to show appellants without fault where neither mandamus against such reporter was brought nor attempt made to prepare a statement of facts from memory as provided by article 2068.

2. APPEAL AND ERROR ☞544(2)—REVIEW—SCOPE—WHERE NO STATEMENT OF FACTS.

In the absence of a statement of facts rulings upon admission and exclusion of evidence will not be revised, unless it manifestly appears from the bill of exceptions and the record that such a ruling was both erroneous and prejudicial to the complaining party.

3. APPEAL AND ERROR ☞907(1)—REVIEW—INCOMPLETE RECORD—VALIDITY OF RULINGS—PRESUMPTIONS.

Where appellant brings up a record showing only part of the proceedings, every reasonable presumption will be indulged in favor of the court's rulings, which will be reversed only when they cannot be upheld upon any possible state of the case.

---

4. WILLS ⊛⟹370 — PROBATE — REVIEW —
INCOMPLETE RECORD — ADMISSIBILITY OF
EVIDENCE—PREJUDICE.

In a review upon an incomplete record,
*held*, that the ruling admitting the testimony of
a witness to a will cannot be revised where nei-
ther the bill of exceptions nor the record show
sufficient to determine if such testimony con-
trolled the jury's finding or prejudiced appel-
lant.

On Motion for Rehearing.

5. APPEAL AND ERROR ⊛⟹554(1) — STATE-
MENT OF FACTS—FAILURE TO FILE—EXCUSE.

That the regular court reporter was absent
from the state, with approval of the court, and
engaged in private work much of the time be-
tween the trial of the cause and the motion to
dismiss appeal for want of statement of facts,
*held* not to excuse plaintiff's failure to compel
transcription and filing of testimony.

Appeal from District Court, Dallas Coun-
ty; W. F. Whitehurst, Judge.

Proceeding in the county court by E. C.
Blesi and others to probate a purported will
of C. H. Langdeau. A contest was instituted
by Mrs. Josephine Pruitt and others. From
an order admitting the will to probate, an
appeal was taken to the district court, where
the will was again admitted to probate, and
contestants again appeal. Affirmed.

W. D. Cardwell and Adams & Stennis, all
of Dallas, for appellants. Thompson, Knight,
Baker & Harris, of Dallas, for appellees.

TALBOT, J. This is a proceeding com-
menced by the appellees in the county court
of Dallas county, Tex., to probate what pur-
ports to be the last will and testament of
C. H. Langdeau, deceased. To the probating
of the will a contest was filed by the appel-
lants, Mrs. Josephine Pruitt and others,
mainly upon the grounds: First, that the
deceased, at the date of the execution of the
will, had not sufficient mental capacity to
make a will; second, that in the execution
of said will the deceased was dominated and
unduly influenced by the appellees, and the
same was not his free and voluntary act.
On April 17, 1916, by order of the county
court said will was admitted to probate, and
the contestants appealed to the district court:
Upon a trial in the district court the will
was again admitted to probate, and contest-
ants appealed to this court.

[1] On April 22, 1918, the appellees filed a
motion in this court asking that the judg-
ment of the district court be affirmed, be-
cause, notwithstanding the transcript was
filed in this court on August 17, 1917, ap-
pellants had filed no brief in this court, nor
in the trial court as required by rules and
statutes of this state, and because no state-
ment of facts had been filed herein, and
there was no fundamental error commit-
ted in the trial of the cause in the dis-
trict court. Answering the motion of appel-
lees to affirm, the appellants insist that the

judgment of the trial court should not be
affirmed, but should be reversed, and the
cause remanded, "for the reason that with-
out any fault of appellants, and after due
diligence, they have been unable to prepare
a statement of facts in this cause and file
briefs herein, because of the failure of the
official court reporter and stenographer of
the Sixty-Eighth district court, Dallas coun-
ty, Tex., to transcribe and file with the clerk
of the district court, in question and answer
form, as required by article 1924 of Vernon's
Sayles' Statutes, the testimony taken at the
trial of said cause, as is more fully shown
by motion of appellants to postpone the sub-
mission of this cause heretofore filed in this
court on April 4, 1918," and because of fund-
amental error apparent upon the face of the
record.

We have carefully considered the reasons
given and urged for a reversal of the case
on the ground that the appellants have been
deprived of a statement of facts, and find our-
selves unable to agree to the claim that such
deprivation is without negligence and fault
on their part. The judgment appealed from
was rendered May 4, 1917; appellants' mo-
tion for new trial was overruled May 7, 1917;
the appeal was perfected May 22, 1917; the
transcript in the cause was filed in this court
on August 17, 1917; and the motion of ap-
pellees to affirm the case for the reasons
stated was filed April 22, 1918. During all
this time the appellants, although they as in-
dicated by the affidavits filed by them in sup-
port of their contention that they have been
deprived without fault on their part of a
statement of facts, were put upon notice of
facts which made it their duty to take legal
steps to compel the immediate preparation of
a transcript of the testimony, relied upon the
repeatedly broken promises of the official
stenographer to prepare such transcript.
They never made application for a mandamus
to compel the preparation of a transcript of
the testimony, nor did they prepare or at-
tempt to prepare a statement of facts under
the provisions of article 2068 of the statute.
The most appellants did, it seems, beyond re-
questing the preparation of the transcript of
the testimony, was to write a letter to the
official stenographer on January 29, 1918,
threatening to resort to mandamus proceed-
ings against him unless such transcript was
prepared and filed by the 10th day of Feb-
ruary, 1918. This letter failed of results, and
yet appellants did nothing more thereafter
than to continue, as they formerly had done,
to request the stenographer to prepare the
transcript of the testimony.

We do not concede that "on account of the
great volume of testimony taken in the cause
and the length of time to try the same it was
impossible for appellants or their counsel to

⊛⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

prepare a proper statement of facts from memory." Before the days of official stenographers counsel were able from their recollection of the facts proven on the trial of cases to "prepare a reasonably accurate statement of such facts," and we are not prepared to say they cannot do so now. At any rate we think appellants should not be excused from at least making such statement of facts as they believed to be correct and from presenting it to opposing counsel for approval or rejection. Clearly the showing made is wholly insufficient to authorize this court to reverse the judgment of the trial court, because of the failure of the stenographer to prepare a transcript of the testimony.

[2-4] Is it apparent upon the face of the record that the trial court committed such fundamental error in the trial of the case as requires a reversal in the absence of a statement of facts? Appellants contend it is, for that the court admitted in evidence over the objection of appellants the testimony of Mrs. L. E. Brown, a subscribing witness to the will offered for probate, taken in the county court and transcribed by the stenographer taking the same, which, according to the transcript of the testimony offered, had never been subscribed by the witness nor sworn to by her.

The rule established by the decisions of the Supreme Court of this state upon the question is:

"That in the absence of a statement of facts the rulings of the trial court in admitting and excluding the evidence will not be revised, unless it manifestly appears from the bill of exceptions and the record that such ruling is erroneous, and that it caused injury to the party complaining." Railway Co. v. Lochlin, 87 Tex. 467, 29 S. W. 469; Railway Co. v. Edwards, 75 Tex. 334, 12 S. W. 853; Lockett v. Schurenberg, 60 Tex. 610; McCarty v. Wood, 42 Tex. 39; Jones v. Cavasos, 29 Tex. 428; Blackwell v. Patton, 23 Tex. 670; Fulgham v. Bendy, 23 Tex. 64.

If it should be conceded that the admission of the testimony in question was erroneous, that alone is not, in the absence of a statement of facts, sufficient to authorize a reversal of the case. To warrant such a disposition of the appeal it must not only appear from the statement contained in the bill of exceptions taken to the introduction of the evidence that the evidence was inadmissible, but that appellant was prejudiced by its introduction. The language used in McCarty v. Wood, supra, in announcing the rule just stated, and which is quoted with approval in Railway Co. v. Edwards, cited above, is that:

"To reverse the judgment, in the absence of a statement of facts, on such grounds (the improper admission or exclusion of evidence), this court should ordinarily be able to see, not only that the court had erred, but that such error must with reasonable certainty have produced a substantial injury to the party in his cause. An abstract error upon a point of law applicable to the evidence is not enough. It should appear manifestly to have been a wrongful error in reference to the cause of action or defense."

If the testimony admitted or excluded was merely cumulative or ancillary to the main facts in proof, to such an extent only as that it could not be reasonably supposed to have influenced the verdict of the jury, its admission should not cause a reversal of the case, and whether it was of that character cannot be determined in the absence of a statement of facts. It does not appear that the subject-matter of said testimony was not covered by other testimony which stood undisputed. In Torrey v. Cameron, 74 Tex. 187, 11 S. W. 1088, the court remarked that, if the appellant brings up a record which shows the proceedings only in part, every reasonable presumption will be indulged in favor of the court's ruling, and the case will not be reversed unless it appears that upon no possible state of the case could the ruling be upheld. In the early case of Fulgham v. Bendy, supra, it was sought to reverse the judgment of the trial court because of charges given, and refused and the exclusion of certain testimony. In disposing of the questions raised the Supreme Court held that, since there was no statement of facts in the record by which it could be determined whether charges given and refused were pertinent or were mere abstractions, and where, for the want of such statement, it cannot be seen how far the case was affected by the exclusion of testimony, neither the giving nor refusing of the charges nor the exclusion of the testimony can form any ground for the reversal of the judgment. There is nothing in the bill of exceptions reserved to the admission of the testimony complained of or in the record sent to this court that enables us to determine that such testimony necessarily controlled the finding of the jury or caused injury to appellants, and the ruling cannot be revised. In Railway v. Lochlin, supra, the trial court admitted evidence over objection of the appellant, and the court said:

"But, even if the reasons given by the court are not sufficient to sustain a ruling, yet it may be that upon the whole evidence the ruling was correct, and this court will not decide a question of this character to the detriment of the party recovering, except upon a full view of the facts."

There was, as shown by bills of exception, other testimony admitted which appellants claim constituted fundamental error, but there is less reason for the conclusion that the trial court committed such error in the admission of that testimony than there is for the conclusion that the admission of the evidence mentioned and discussed constituted that character of error.

Believing that in the state of the record sent to this court we would not be warranted in disturbing the judgment of the district court, the same is affirmed.

Affirmed.

## On Motion for Rehearing.

[5] We have carefully examined the motion of appellants for a rehearing, and believe no good reason is therein given for a change of the disposition heretofore made of the appeal. We take occasion, however, to state, in connection with that portion of our original opinion relating to the efforts made by appellants to secure a statement of facts, and in which it is said that the most appellants did, beyond requesting the preparation of the transcript of the testimony, was to write a letter to the official stenographer on January 28, 1918, threatening to resort to mandamus proceedings against him unless such transcript was prepared and filed by the 10th day of February, 1918, and that this letter failed of results, it appears from a letter of the stenographer in reply to the letter referred to in the opinion, and which was attached to a motion made by appellants in this court to postpone the submission of the case and place it at the heel of the docket, that said stenographer stated to counsel for appellants that it would be impossible to file the transcript of the evidence by the 10th day of February, 1918, but that it would be filed not later than the 1st day of April, 1918. It also appears by the affidavit of appellants' counsel attached to said motion for a postponement of the submission of the case as stated that he relied upon said letter, and confidently believed that said transcript would be prepared and ready by April 1, 1918. It further appears from the affidavit of appellants' counsel that for some time prior to April 1, 1918, said stenographer, with the approval of the trial court, was absent from the state engaged in private work. These matters were considered in rendering our original opinion, but they were not regarded either alone or together with the other facts shown as sufficient to warrant a reversal of the case, because appellants had failed to secure a statement of facts.

Believing the appeal has been properly disposed of, the motion for rehearing is overruled.