This suit originated in the county court of McLennan county, on a petition filed by appellant to probate the last will and testament of Miss Fleetie Magee, and to which appellee filed his contest. The cause was appealed to the district court and there tried to a jury, and resulted in a judgment refusing the probation of the will. Hence this appeal.
Appellee has filed a motion asking that the statement of facts filed herein, which is certified to by the court reporter and signed *Page 253 
and agreed to by all parties, be not considered because same is not signed by the trial judge. Appellant has filed a motion asking that he be permitted to withdraw the statement of facts and have same signed by the trial judge, and after same is signed, be permitted to refile same in this court, alleging that it was no fault of his that the same was not signed by the trial judge. He attaches to the motion an affidavit of the trial judge that if the same had been presented to him he would have approved it, and that if he has the power now to sign and approve same, he will do so if requested.
Where a statement of facts and transcript have not been filed in the appellate court in the time required by statute, the appellate court can, for good cause shown, permit the filing after the time allowed under the statute. Heflin v. Eastern Railway Co., 106 Tex. 23, 155 S.W. 188. Where a purported statement of facts is not signed by the trial judge, it does not, as a matter of law, constitute a statement of facts, and is not entitled to be filed in the appellate court. Texas Electric Ry. v. Gonzales (Tex.Civ.App.) 211 S.W. 347; Swift Co. v. Jeffrey 
Son (Tex.Civ.App.) 250 S.W. 791; St. L. S.W. Ry. Co. v. McCord (Tex.Civ.App.) 199 S.W. 526.
Before a statement of facts can be filed in the appellate court, same must be filed in the trial court in the time required by law. Articles2073 and 2068, Revised Statutes; National Bank of Commerce v. Lone Star Milling Co. (Tex.Civ.App.) 152 S.W. 663; Billingsley v. Texas Midland R. R. Co. (Tex.Civ.App.) 208 S.W. 408. It appears from the record in this cause that the final judgment of the court was entered and motion for new trial overruled on April 5, 1924, and 90 days thereafter was given in which the statement of facts and bills of exception might be filed. Since it would be impossible to have the statement of facts now approved and filed in the trial court within the time allowed by law, it would not give appellant any relief to allow him to withdraw the statement of facts. His motion is therefore overruled, and appellee's motion to strike from the record and not consider the statement of facts is granted.
The jury, in answer to special issues submitted, found that the will of Miss Magee, dated April 22, 1922, was executed by her, and that she was of sound mind at said time, but found that she executed same by reason of undue influence exercised over her by appellant, W. E. Magee. The jury further found that, when Miss Magee executed a codicil to her will in January, 1923, she was of sound mind, and that same was not executed as the result of any undue influence exercised over her. The jury further found that Miss Magee destroyed the codicil to the will which she executed in January, 1923, the date of destruction not being shown, but that same was destroyed because of undue influence exercised over her by appellant. Based on said findings, the trial court entered judgment refusing to probate the will.
Over the objection of appellant, appellee was permitted to prove by George T. Cox, the husband of Miss Magee's sister, and Mrs. Ruby M. Wells, a sister of Miss Fleetie Magee, deceased, that on several different occasions Miss Magee had told each of them that she had been trying to get appellant, Dr. W. E. Magee, to bring her the will and codicil so that she might destroy them and not have any will, and let her property go to the two brothers and sisters; and that on the occasions when they were discussing with Miss Magee the question of her will and her efforts to have appellant, Dr. Magee, bring it to her, she would stop talking about the will upon the appearance of Dr. Magee. Appellant objected to said testimony on the ground that such declarations were made long subsequent to the execution of the will and were inadmissible on any of the issues joined, and because the testimony was an attempt to prove undue influence by a declaration of the testatrix. The court, in admitting the testimony, instructed the jury that they could consider the testimony for the purpose of determining whether Miss Magee was of sound mind at the time she made the will and the codicil, and also that they could consider same for the purpose of determining whether there was any undue influence used in causing Miss Magee to execute the will or codicil. Appellant objected to the court's instructing the jury that they could consider the testimony to determine whether there had been undue influence used. After the testimony had closed, the trial court then instructed the jury that the testimony above complained of was withdrawn from their consideration, and they were instructed not to consider said testimony, or any part thereof, for any purpose. To what extent the trial court can successfully withdraw from the jury testimony which has been illegally admitted is difficult to determine. When jurors are accepted to try a cause, they are supposed to be free from all knowledge of the facts which would likely influence them in arriving at a verdict.
It is the established holding of our courts that statements made by the testator cannot be used to show any undue influence was brought to bear on him in the execution of the will. Scott v. Townsend, 106 Tex. 322,166 S.W. 1138; Wetz v. Schneider (Tex.Civ.App.) 96 S.W. 59. The court erred in admitting the testimony for the purpose of showing undue influence was used, and the error was intensified by the court instructing the jury that they could consider said statements for the purpose of determining whether there was any undue influence used by appellant to *Page 254 
cause the testatrix to execute the will. The judgment in this case is based alone on the findings of the jury that the will was executed by reason of the undue influence exercised over the testatrix by the appellant. This testimony was very damaging, and the court having not only admitted same, but, at the time, over the objection of appellant, instructed the jury that they could consider same to determine whether appellant had used undue influence to get testatrix to execute the will, made it impossible to remove from the minds of the jury said testimony and charge. McCauley v. Long Co., 61 Tex. 74; Philadelphia Underwriters' Agency v. Cheeves (Tex.Civ.App.) 193 S.W. 1091; Dillingham v. Anthony, 73 Tex. 47, 11 S.W. 139, 3 L.R.A. 634, 15 Am.St.Rep. 753; Peticolas v. Thomas, 9 Tex. Civ. App. 442, 29 S.W. 166; Elliott v. Ferguson, 37 Tex. Civ. App. 40, 83 S.W. 56.
After the jury returned its verdict finding the testatrix executed a codicil to her will which she thereafter, by reason of undue influence being brought to bear upon her, destroyed, appellant asked leave to file a trial amendment, seeking to have the codicil probated in connection with the original will. This was refused, and appellant assigns error. The transcript shows that there was no effort made to have the codicil probated as a part of the will in the county court. The county court has exclusive original jurisdiction to probate wills. Const. art. 5, § 16; article 3206, Revised Statutes. The district court has only appellate jurisdiction in probate matters. Article 1706, Revised Statutes. On an appeal from the probate court to the district court, only such issues as were presented in the probate court can be determined in the district court. Levy v. Moody (Tex.Civ.App.) 87 S.W. 205; Vance v. Upson,64 Tex. 266; Minor v. Hall (Tex.Civ.App.) 225 S.W. 784. The question as to whether a codicil can be probated in the district court in connection with the will when same was not presented in the county court has not, so far as we have been able to ascertain, been directly determined by our courts. Under our Constitution and laws, the county court has been given exclusive original jurisdiction for the probate of wills.
A codicil may, in its effect, destroy or change a large portion of the will, and it must be executed under the same restrictions and solemnities as the original will, and its genuineness must be established by the same kind and character of proof. Until a will has been offered for probate in the county court, the district court cannot assume jurisdiction with reference to the probation thereof. Since there was no effort made to probate the codicil in the county court, the district court had no jurisdiction thereof, and could not determine its validity nor whether it should be probated, and did not therefore commit error in refusing to permit appellant to file said trial amendment.
For the errors herein stated, the judgment of the trial court is reversed and the cause is remanded.
 On Rehearing.
Appellee, in his motion for a rehearing, insists that, since the statement of facts has been stricken out, we are in error in considering the assignments of error based on the action of the trial court in permitting the witnesses George Cox and Mrs. Wells to testify to conversations they had with testatrix, set out in the original opinion, and in instructing the jury that they could consider said testimony for the purpose of determining whether any undue influence had been used to cause Miss Magee, the testatrix, to execute the will or codicil.
The Supreme Court, in the case of A., T. S. F. Ry. Co. v. Lochlin,87 Tex. 467, 29 S.W. 469, stated the rule as follows:
"The rule established * * * by the former decisions of this court is that, in the absence of a statement of facts, the rulings of the trial court in admitting and excluding evidence will not be revised, unless it manifestly appear from the bill of exceptions and the record that such ruling is erroneous, and that it caused injury to the party complaining. Railway Co. v. Edwards, 75 Tex. 334, 12 S.W. 853; McCarty v. Wood,42 Tex. 39; Lockett v. Schurenberg, 60 Tex. 610; Jones v. Cavasos,29 Tex. 428; Blackwell v. Patton, 23 Tex. 670. If, from the bill of exceptions and the record as presented, it appear that the ruling complained of is wrong as matter of law, and that material and admissible evidence has been excluded, which necessarily controlled the finding of the jury, and without which the action or defense could not be maintained, or if evidence has been admitted which in no phase of the case could be properly admitted, and in either case that the ruling must have affected the result to the injury of the complaining party, the ruling ought to be revised, although there be no statement of facts in the record."
In the case of Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S.W. 110, the statement of facts was stricken out, and the bill of exceptions showed the trial court excluded the ex parte depositions which had been taken of the defendant. In passing on the assignment of error which complained of the action of the trial court in excluding said testimony, the court, after stating the general rule from the case of Railway v. Lochlin, supra, stated:
"It will be seen that the testimony excluded, in any possible state of the evidence, was of the most material character, and that it afforded, if true, a complete defense to plaintiffs' action. In such case the assignment of error presenting this question comes within certain exceptions to the general rule above stated, that errors in the exclusion of evidence will not be revised in the absence of a statement of facts. * * * Considering the assignment of error in the light of the bill of exception the ruling of the court in *Page 255 
excluding the deposition or at least that part thereof most material to defendant relating to the transaction between himself and Mrs. Ivy with regard to the execution of the deed was clearly erroneous."
In the case of Torrey v. Cameron Co., 74 Tex. 187, 11 S.W. 1088, by the Supreme Court, the statement of facts was stricken out, and by bill of exception error was assigned to the action of the trial court in excluding certain testimony. The court stated:
"But the question arises whether, in the absence of a statement of facts, we can say that the plaintiff in error has been prejudiced by the ruling under consideration. We understand the general rule to be that, without a statement of facts, this court will not revise the rulings of the court below in the admission or the exclusion of evidence. The reason is that in most cases, without a statement of the whole evidence, it is impossible for the court to determine whether or not the error, if error it be, has operated to the prejudice of appellant. An exception to the rule has, however, been repeatedly recognized and acted upon by this court [citing a number of authorities]. Where the evidence appears material and relevant to the issues, under any probable state of the testimony, and where the ground of objection is one that is not tenable, we apprehend the bill of exceptions ought to be considered, and the ruling revised, although no statement of facts appears in the record."
To the same effect are Anding v. Perkins, 29 Tex. 348; Avocato v. Dell'Ara (Tex.Civ.App.) 57 S.W. 296; S. P. Co. v. Cox (Tex.Civ.App.)136 S.W. 103; Castellano v. Marks, 37 Tex. Civ. App. 273, 83 S.W. 729.
In the case of S. P. Co. v. Cox, supra, the statement of facts had been stricken out, and objection was reserved by bill of exception to the exclusion of certain testimony. The court reversed the cause, and held that it belonged to the class of cases which were not governed by the general rule, and stated:
"Where the excluded testimony appears to be material and relevant to an issue made by the pleadings, and upon which issue the gist of the case depends, the exception to the rule applies. * * * The excluded testimony tended to show that appellant did not receive the property, and therefore it was relevant to the issue upon which the trial court must have decided the case in favor of appellees. Hence we hold that reversible error is shown, and for which the case is reversed and remanded."
The bills of exception in this case show that the witnesses George Cox and Mrs. Wells testified to conversations which they had with Miss Magee, the testatrix, with reference to her will and codicil. Appellant objected to the testimony because it was an attempt to prove undue influence by a declaration of the testatrix. The court not only overruled the objection, but instructed the jury that they could consider the testimony for the purpose of determining whether there was any undue influence used by Dr. Magee in causing the testatrix to execute the will or the codicil. The jury found all of the issues favorable to the probate of the will, except the question of undue influence, and the trial court rendered a judgment refusing the probate of the will solely on the ground that the jury found it had been executed by reason of the undue influence that had been brought to bear on the testatrix by the proponent, Dr. Magee.
We think the record in this case clearly comes within the exception to the general rule. The conversations which Cox and Mrs. Wells had with the testatrix with reference to the execution by her of the will were not admissible under any condition for the purpose of showing undue influence. Unquestionably said testimony, with the statement from the court, had its influence with the jury. Since the judgment of the court is based alone on the finding of the jury that the will was executed by reason of undue influence, manifestly, to our minds, the admission of said testimony and statement from the court constitute such error as should require a reversal of the judgment of the trial court, although the statement of facts has been stricken out.
The motion for rehearing is overruled.