Opinion delivered March 9, 1888.

---

No. 2441.

### W. B. STONEBRAKER v. ALF. FRIAR, ADMINISTRATOR.

1. STATEMENT OF FACTS—JUDGMENT—PRACTICE.—To reverse a judgment in the absence of a statement of facts, the Supreme Court should ordinarily be able to see not only that the court below had erred, but that such error must with reasonable certainty have produced a substantial injury to the party in the cause.

2. ADMINISTRATION.—An administration may properly allow without suit a credit on a claim due the estate, which he knows to be just, and that it could be established as a credit if suit were brought on the claim.

3. SAME.—An administrator may be allowed compensation for extra personal services rendered the estate, when shown to have been performed and necessary. Such a claim may be properly presented to the probate court in an exhibit made by the administrator under oath.

4. INTEREST.—Under the statute a speedy partition of an estate that has been administered is contemplated after the payment of debts, and, since the law does not require the administrator to loan money remaining in his hands, interest can not be exacted of him unless actually received.

5. PRACTICE.—When the record fails to disclose any injury resulting from alleged errors, the judgment will be affirmed.

APPEAL from DeWitt. Tried below before the Hon. H. Clay Pleasants.

*B. L. Aycock* and *C. H. Clifford,* for appellants.

*Hume & Kleberg,* for appellee.

WALKER, ASSOCIATE JUSTICE. June 18, 1886, the plaintiffs, claiming as heirs of their father, Jack H. Friar, who died November, 1873, and of their mother, Mrs. S. Cordelia Friar, who died September, 1883, brought suit against Alfred Friar, administrator of Jack H. Friar, seeking by certiorari in the district court a revision of the proceedings in the probate court in the administration of the said estate.

It is claimed in the petition that the defendant as administrator of the father, took possession of all the community property, and had had possession and management of the entire estate during the mother's life time and after her death.

The petition contains many specific charges against the management of the estate, challenging the honesty and the judgment of the administrator in his dealings with it. In return to the certiorari the several accounts of the defendant made to the probate court from time to time with the orders and decrees of the court upon these reports were sent up to the district court. In the district court the defendant only demurred and urged a general denial.

February 23, 1887, the case was submitted to the court, no jury being demanded, and on March 4, the court made a decree as follows: First, "That all the items of expenses of the plaintiffs charged in the several accounts to them since the death of their mother should be transferred from defendant's account as administrator to his account as guardian; to be passed upon in his guardianship." Second, "Finding and adjudging a balance due the administrator of four thousand nine hundred and twenty-seven dollars and seventeen cents judgment is rendered for it against the estate," and third, "The court finds and adjudges that the allegations of fraud and embezzlement made by complaints against the administrator, are not sustained by the evidence."

The complainants appeal to this court, assigning as error, many of the rulings of the court below in admitting and in rejecting evidence and in admitting credits claimed by the defendant.

There is no statement of facts in the record. Appellants, however, ask that action be taken upon alleged errors shown as they insist in the several bills of exceptions brought up.

The limited power of this court, when not furnished with a statement of facts, has been discussed and explained in Lockett v. Schurenberg, 60 Texas, 613, 614, and the rule recognized that "to reverse the judgment in the absence of a statement of facts this court should ordinarily be able to see not only that the court below had erred, but that such error must, with reasonable certainty, have produced a substantial injury to the party in the cause." This has been adhered to in all subsequent decisions in like cases.

The first bill of exceptions complains of the action of the courts, probate and district, in allowing a credit of items aggregating five hundred and ninety-four dollars on a note which came into the hands of the administrator, alleged and shown to have been paid on the intestate's verbal order and in his life time. It is insisted that this should have been established in the manner described in the statute for other claims against estates. It is evident that had the administrator sued on the claim the defendant in such suit could have established such credits by any competent testimony showing the payment. If so, he should have the right to establish the credit without standing suit.

The second bill of exceptions attacks the mode of establishing, which was by parol evidence, the services of the administrator and the reasonableness of the charge therefor in personal care and services in looking after the stock of cattle under his charge after having been allowed pay for hands hired for that work. The claim was presented in one of the exhibits made to the probate court, verified by affidavit. A witness testified to the reasonable value of the services performed by the administrator. In Dwyer v. Kalteyer, 68 Texas, 564, the right of the administrator for extra personal services is recognized when shown to have been performed and necessary. The presentation of the claim in the exhibit is considered a substantial compliance with the statute. (Rev. Stats., art. 2983.) Indeed, it seems more favorable to those adversely interested in that it is thereby only acted upon after notice of the filing of it.

The third bill of exceptions resists the allowance of certain payments made to the mother of complainants. It appears that failing to produce vouchers for the payments, the admin-

istrator himself testified to them. The record does not remove the presumption that other sufficient evidence may have been produced. But the record does not satisfactorily show that the error, if it be one, formed any basis of the decree.

The fourth assignment relates to the exclusion of certified copies of certain bills of sale for cattle sold of the estate. It does not appear why *copies* were offered. Besides, this identical fact was supplied by the testimony of the defendant himself; so that injury did not result from the exclusion, only in that the witness added explanations not desired by the plaintiffs. These explanations, however, were of such a nature that he could have testified to them had he not been called to testify by the plaintiffs.

In this connection appellants contend that his explanation did not account for the full amount of the money shown to have been received from this sale. But the record does not show but that this deficiency was allowed by the court and in the decree.

The fifth bill of exceptions related to testimony that it was customary for owners of stock once a year to have settlements with all parties who had sold for them during the year. Specifying that defendant had accounted for money received from Wood & Green for such sales for the years 1875 and 1877, while it appeared that these parties in 1876 had sold eight head of cattle of the estate for one hundred and twenty dollars. The account rendered of money for 1877 did not specifically include sales for the year 1876. The judge below, in the bill of exceptions, explained his action that "the court did not hold that the three hundred and thirty-three dollars paid in 1877 necessarily included the amount of sales made in 1876, but the court held upon this evidence, and without evidence showing that the defendant ever knew of the sale made in 1876, taken in connection with the evidence offered by the defendant, that he ought not to be charged with the amount of the sale made in 1876." With this explanation it does not appear that complainants suffered by the ruling. Complaint is urged to the admission of the custom as proved among stock men to gather and sell for one another. But if the custom, if it be one, be illegal, it is not shown to have as a fact influenced the court in any manner.

The seventh bill of exceptions related to the exclusion of certified copies of the inspection records of other counties and of

the original inspection records in DeWitt county, offered to show that cattle of the estate had been sold. The testimony was offered first, to show liability of defendant for the proceeds, and second, as evidence of negligence on his part in not collecting the proceeds of the sales. The defendant objected because the testimony did not show or tend to show his own acts or his authorization of them, or that he had received the money. The objection evidently questioned the competency of the copies as evidence. In the exclusion we see no necessary error. But if error, the injury is not made out from what is before us. Appellants contend that compound interest should have been charged in the account of the administrator upon two hundred and eighty-two dollars appearing to have been collected by him in 1875, and not reported in his exhibits. The accounts generally show the estate to have been indebted to the administrator. But our probate law contemplates speedy partition of property of estates remaining after the payment of the debts. It is not provided that the administrator should loan money in his hands; interest is not exacted unless actually received.

The nature of the testimony to support a number of the credits allowed is not shown. It is assigned that no vouchers were produced, and that for want of such evidence these items should have been rejected. The absence of a statement of the facts prevents the revision of the acts of the court upon the nature or amount of evidence to these items. (Jones v. Parker 67 Texas, 80.) The statutes relating to estates evidently sanction the support of items charged by any competent and satisfactory evidence. (Acts of 1870; 2 Pas. Dig., art. 5473; and Rev. Stats., art. 2142.)

A payment shown to have been made to the mother of plaintiffs was allowed as a credit. The money is said to have been advanced to enable her to compromise a suit, the nature of which does not appear. She was entitled to her community interest, and it is not shown that she received in excess of it. Her children can not inquire into her purpose in obtaining her money.

Finally, the complainants are not injured by the decree below in transferring to the guardianship account, without prejudice to either party, of credits claimed by defendant for advancements made by the administrator to the plaintiffs after the death of their mother, alleged to have been for their support.

The record, meager as it is, shows a small estate, gradually increasing in value, and with net assets largely increased after furnishing out of the profits much to the use and probably necessary support of the widow and children of the intestate. In view of this general result it would seem that the finding of the court against the charges of mal-administration must have been in accordance with the facts of the case.

But the case must be affirmed for the reason that we are not able to ascertain from the record that the complainants have been injured by any of the rulings of the court below.

The judgment is affirmed.

*Affirmed.*