### LAURA B. FINN ET AL. v. A. B. WILLIAMSON ET AL.

#### No. 2782.

1. **Evidence.**—A defendant in trespass to try title who has a regular chain of title from the sovereignty of the soil, though he may also claim under a common source from which alone the plaintiff shows title, will recover if a deed to such common source constites no link in such chain from the State. If a link in such regular chain consists of a deed from one to whom no conveyance had been made, but to whose wife the title had been conveyed during her marriage, and the wife having died before the execution of the husband's deed, the title to an undivided half interest passed by the deed from the husband, and this so connected the defendant with the title as to enable him to plead it as outstanding.

2. **Community Property—Presumption.**—It will be presumed that land conveyed to the wife during marriage is community property.

APPEAL from Hopkins. Tried below before Hon. E. W. Terhune. The opinion states the case.

*Easley & Scott*, for appellants, cited Kirkwood v. Little, 41 Texas, 460; Davis v. McCartney, 64 Texas, 584; Wright v. Doherty, 50 Texas, 34.

No order was made by the Probate Court approving the sale by Finn, guardian, to Weaver. We submit this proposition upon the above authority without further comment. Keys v. Mason, 44 Texas, 140.

*A. A. Henderson* and *V. H. Blocker, J. H. Dinsmore* and *B. W. Foster,* for appellees, cited 2 Story Eq. Jur., sec. 1204; Hill on Trustees, 135; Abbott's Trial Ev., 170, 171; Wallace v. Campbell, 54 Texas, 89, and cases there cited; Cooke v. Bremond, 27 Texas, 457,

STAYTON, CHIEF JUSTICE.—Appellants seek to recover an undivided interest in a town lot, and base their claim on a conveyance made by E. S. Luther to their mother, made during the life of their father, who has since died.

The evidence shows and the court found that whatever title passed by the deed from Luther vested in the mother a community right.

After the death of the father of appellants their mother conveyed the lot to persons under whom appellees claim, and by reason of this fact appellants rely upon common source of title for a recovery, it not being shown that Luther had title.

Appellees proved a regular chain of title, in which a conveyance to Luther is not a link, from the sovereignty of the soil to Emily A. Frost, and a conveyance from her husband, A. B. Frost, to one of them.

The inference from the record is that Emily A. Frost was the wife of A. B. Frost at the time the conveyance was made to her, and in the absence of evidence to the contrary the presumption is that it became the community property of herself and husband.

The record does not show whether Mrs. Frost was living at the time her husband conveyed to one of appellees, but does show that she was dead at the time of the trial.

If Mrs. Frost was living at the time her husband conveyed to one of appellees, then title vested by that conveyance in that appellee and in such of the other defendants as held under him through warranty deeds.

If she was dead at the time her husband conveyed, then one undivided half of the lot passed by that conveyance, and one of the appellees, at least, so connects himself with the title as to entitle him to set it up as outstanding title, even if the title of Mrs. Frost could in any sense be termed an equity, as the court below seems to have thought might be the case.

If the title vested in Mrs. Frost in her separate right, then as outstanding title it is a good defense to this action.

The judgment of the court below was correct and will be affirmed.

*Affirmed.*

Delivered December 6, 1889.