SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. S. J. WRIGHT.

Decided December 21, 1898.

1. **Carriers of Freight—Verbal and Written Contract Limiting Liability—Consideration Wanting.**

Where horses are received for shipment under a prior verbal contract with the shipper fixing the point of destination and price per car, a subsequent written contract signed by the shipper limiting the carrier's liability to its own line is without consideration, although such signing was required in order that passes might issue to the men who accompanied the horses.

2. **Same—Measure of Damages—Market Value.**

The measure of damages sustained by a shipper of horses injured in transit is the difference between their market price in the condition in which they were delivered and what their market price would have been if proper care had been exercised.

3. **Practice on Appeal—Harmless Error.**

The erroneous admission of evidence can not be complained of in the absence of prejudice.

4. **Charge of Court—Assuming Fact.**

The assumption by the court in its charge of an uncontroverted fact is not erroneous.

APPEAL from the County Court of Bee. Tried below before Hon. FELIX J. HART.

*Proctors,* for appellant.

*F. G. Chambliss,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellee to

recover damages sustained by horses shipped from Beeville to Paris, Texas. The cause was tried by jury, appellee obtaining a verdict and judgment for $391.

The pleadings of appellee declared upon a verbal contract of shipment, wherein it was agreed by appellant to transport the horses to their destination for a certain sum. The answer set up written contracts which limited the liability of appellant to its own line. In a supplemental petition appellee alleged the terms of a verbal contract made with appellant by virtue of which the horses were delivered to appellant and loaded upon the cars; that afterwards the train was moved to the depot, and written contracts were presented to appellee, which he was required to sign. It was further alleged: "That this plaintiff and his agents and employes did not read nor have an opportunity to read the said agreements and contracts in writing, pleaded in defendant's original answer and first amended answer, or any portion of same, but supposed and thought that said contracts contained in substance the agreement made between this plaintiff and the defendant, as hereinbefore alleged, and this plaintiff did not know but what he had signed a contract in accordance with this agreement with defendant, as hereinbefore stated, until after he had left Beeville, Texas, with said horse stock, and they were in transit from Beeville to Paris, Texas." The supplemental petition was verified by affidavit. It was excepted to on the grounds that it did not set up facts showing fraud, mistake, or duress, and while in effect a plea of failure of consideration was not pleaded under oath. The exceptions were properly overruled. The proof was to the effect that several days before the horses were shipped a verbal contract was made by appellee with appellant, by the terms of which three carloads of horses were to be delivered in Beeville for shipment on a certain day, and in consideration of the payment of a certain sum per car appellant agreed to transport the horses to Paris, Texas. In pursuance of that verbal agreement the horses were delivered to appellant, and after having been moved from the pens to the depot, papers were presented to appellee, no time being given for him to read them, and he signed them. He was informed that the papers were required to be signed in order to obtain passes for the men who accompanied the horses. The written contracts limited the liability of appellant to damages occurring on its line. There was no consideration for the execution of the written contracts, and the verbal contract must be looked to in determining the rights of the parties. Railway v. Grant, 6 Texas Civ. App., 674; Railway v. Carter (Texas Civ. App.), 29 S. W. Rep., 565; Railway v. Avery, 19 Texas Civ. App., 235; Railway v. McCarty, 82 Texas, 613; Railway v. Stanley, 89 Texas, 42.

The measure of damages in this case was the difference between the market price of the animals in the condition in which they were delivered at Paris and what their market price would have been at that place if proper care had been exercised with them during the trip. This rule was followed by the court in its charge. What the animals sold for in

Arkansas, after being kept for a month or more, should not have been considered in measuring the damages.

If it be admitted that the testimony to the effect that three or four of the horses were damaged when they arrived at Cameron, the end of appellant's line, in the sum of several dollars per head, was improperly admitted, there is nothing in the record that indicates that it injured appellant. There was testimony which would have sustained a larger verdict than that rendered. The uncontroverted testimony showed that the horses were shipped under and by virtue of the verbal contract, and it was not error for the trial court to assume that fact in the charge.

None of the assignments is well taken, and the judgment will be affirmed.

*Affirmed.*