BERTHA HARMON v. JOHN A. LEBERMAN ET AL.

Decided April 29, 1905.

**1.—Notes—Ratification of Signature—Evidence.**

Where defendant, whose name appeared to the note sued on as surety for his son, when written to by the payee to know if his signature was genuine, made no reply, but told his wife to answer the letter as she wished: that he would not have anything to do with the matter, and she answered that defendant was standing for his son and would pay the note if he did not, such letter was admissible to show a ratification by defendant of his previously unauthorized signature.

**2.—Same—Estoppel by Silence.**

Defendant's silence and failure to answer plaintiff's letter, thus consciously permitting her to deal with the son as though defendant's signature had been regularly obtained, required that the case should also have been submitted to the jury upon the issue of estoppel.

Appeal from the District Court of Young. Tried below before Hon. A. H. Carrigan.

*C. W. Johnson,* for appellant.—It was the duty of Jno. A. Leberman to answer truthfully the letter of inquiry from the plaintiff and disavow the note, and failing to do so, he acquiesced in the note, and can not now deny it to the injury of plaintiff. Lewis v. Alexander, 51 Texas, 587; Love v. Barber, 17 Texas, 317; Bigelow, Estop., 452, and note 1, p. 253; Id. p. 453; note 1, 454; note 1, 461; 1 Greenl. Ev., secs. 197, 197a; Jones, Ev., sec. 291; 7 Am. & Eng. Encyc. Law, art. 102; Viele v. Judson, 82 N. Y., 40; Collier v. Miller, 137 N. Y., 340; Continental Natl. Bank v. Traders' Natl. Bank, 173 N. Y., 272; Hall v. Fisher, 9 Barb., 17; Staton v. Bryant, 55 Miss., 273; Coles v. Anderson, 27 Tenn., 493; Peake v. Thomas, 39 Mich., 584; Lloyd v. Lee, 45 Ill., 280; Hefner v. Vandolah, 57 Ill., 523; Lesswine v. Rice, 30 N. W. Rep., 735; Hertell v. Bogert, 9 Paige, 53; Simmons v. Taylor, 23 Fed. Rep., 176; Commercial Natl. Bank v. Nacogdoches Comp. Co., 133 Fed. Rep., 504.

SPEER, ASSOCIATE JUSTICE.—Mrs. Bertha Harmon instituted this suit against John A. Leberman and George E. Leberman, to recover on a promissory note for $3,000. The defendant John A. Leberman pleaded non est factum, to which the plaintiff replied by pleas of ratification and estoppel. Upon the evidence admitted the court instructed the jury to return a verdict in plaintiff's favor as to George E. Leberman, but against her as to John A. Leberman, and from a judgment entered upon this verdict she has appealed.

The first assignment of error complains of the ruling of the court in excluding a letter written by the wife of John A. Leberman in reply to a letter addressed by plaintiff to him, asking if he had signed the note and was standing good for George Leberman; the answer being, in substance, that John A. Leberman was standing for George Leberman, and would pay the note if George Leberman did not. This was excluded upon the objection that. John A. Leberman could not be bound by the

action of his wife under the circumstances. In view of this ruling the court also excluded the note sued on when offered in evidence. We think the court erred in these rulings.

The appellee George Leberman, who had previously borrowed from appellant the sum of $1,500, and for which she held notes bearing the signatures of George E. and John A. Leberman, was desirous of procuring another loan of $1,500 from appellant, and represented that the same was for the partnership use of himself and his father, John A. Leberman, and that both would sign the note therefor. Appellant then wrote to John A. Leberman and his wife, in which she specially requested the latter, her aunt, to see that John A. Leberman signed the note. She again wrote to John A. Leberman, demanding to know if he had signed the note and was surety for George, with a further statement that if such was not the case she would have George arrested for forgery, and would bring suit at once for the money. John A. Leberman received this letter but made no reply in person. He told his wife, however, to answer the letter as she wished; that he would not have anything to do with the matter. Under these circumstances we think the letter written by Mrs. Leberman, tending, as it did, to show a ratification of the previously unauthorized signature, should have been admitted for the consideration of the jury. Railway Company v. Chandler, 51 Texas, 416.

We also think the case should have been submitted to the jury upon the issue of estoppel, upon the salutary principle that where one remains silent when he ought to speak, he should not be heard to speak when he ought to remain silent. Appellee John A. Leberman admits that he knew the appellant had such a note with his name on it, and yet he failed to make any response whatever when she inquired of him if his signature was genuine, thus consciously permitting her to deal with his son as though his signature had been regularly obtained.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*