Hemphill, Ch. J.
The plaintiff, as administratorof Eliza M. Hill, deceased, sues for the recovery of a lot of land in the town of Matagorda. The defendant offered in evidence a deed from the plaintiff and his wife, the deceased intestate, covering the locus in quo, with an offer to show a chain of title under the same to herself. The plaintiff’s objection to its introduction was sustained; and the only question presented is the alleged error in the exclusion of this instrument of evidence. The grounds for its rejection do not appear in the bill of exceptions ; nor have we been furnished with any argument by defendant in error in explanation of said grounds or in support of the judgment. By the counsel for the appellant, in his brief, it is stated that the refusal to allow the deed to be proven or to be admitted as evidence was on the ground that it did not pass the interest of the wife, not having been executed with the necessary formalities, and was in itself a nullity. This affords some light, but does not indicate the specific formalities supposed to bo wanting.
Prima facie, the deed, under all the laws in force in 1837, the date of its execution, was valid. If it he supposed tiiat the assent of the husband was essential to the validity of contracts made by a married woman in the disposition of her paraphernal property, this is shown by his uniting with her in the execution of the instrument. But the'proposiiion that such assent must appear on the face of the instrument or must always he given, is not without its exceptions. The husband may ratify the act of the wife, done without his assent, by a general or special license, and this before or after the act. The authorization of a wife by the husband is in the nature of an assent; and the laws of Spain requiring this assent to he given to the wife’s contracts or dispositions of her own property assume for their basis that such sales may he injurious to the husband; that he is entitled to the fruits and revenues of the wife’s property for the support of the expenses of the matrimony; and a deprivation of these by her contracts may operate to his prejudice, and his assent must therefore be giveu. But if this he refused in cases where it may he necessary, he may he compelled to give it, or the court may confer sufficient authority on tile wife. And there are cases in which the wife’s contracts, without the assent of either judge or husband, are valid in law. In fact, the result of the opinions of most learned commentators on laws fifty-four, fifty-five, fifty-six, fifty-seven, fifty-eight, and fifty-nine of Toro is, that a contract made by a married woman, without the consent of her husband, or that of the judge in tlie absence of the husband, is valid, provided it be advantageous to the wife; and some commentators lay it down that what is advantageous to the wife is advantageous to the husband, and therefore he cannot complain.
This is a vexed question among Spanish jurists, and'I glance at it merely that the general principle requiring the assent of the husband to the wife’s contracts may not be misunderstood or extended beyond its just limits. From the opinions of Spanish commentators, there can be no doubt that any contract within the scope of the laws cited, made by a married woman, if advantageous to herself and not prejudicial to the husband, would be valid without his assent, for the reason that the consent or license of the husband is not required for the form or solemnity of the act, but for his benefit; and if lie be not injured, or the contract result to his advantage, the act will be valid.
Note 88. — Jones v. Cavazos, 29 T., 428.
The subject here touched upon opens a wide field for inquiry. The general rules are subject to qualifications, and they are all discussed iu a masterly manner by Molind, in his commentaries on the laws of Toro.
3STo objection arising, then, from tlie want of assent by the husband, in what other formality is the deed deficient ? It purports to have been executed before a notary public, iu its commencement, but is signed by the parties as a private act. This would not impair its validity, and, if recorded according to law, it must be admitted iu evidence without proof. It is only by a liberal construction that tlie registry acts, at least of 1S36, can be made to embrace the instruments known as authentic and those known as public, in existence at the date of those acts, and authorized by the laws of Spain until their abrogation in 1S40. Private instruments between the parties themselves, without tlie intervention of a notary public, seem to have been principally in (.he contemplation of the Legislature. Provision was made for their record. They were binding between tlie parties, and, on registry or notice, they were made conclusive as against third persons. The law itself on the forms of conveyances may be regarded as modified to a considerable extent by this mode of legislation. But had no such change or modification been effected, yet the instrument would have been valid as between the parties. In the case of O’Connor v. Barre, (3 Mart. R„ 455,) it is said that the alienation of the paraphernal property by the husband with the consent of the wife was a lawful act; and if the instrument of sale be thought defective in point of form as a public act, it is certainly good as a private one, and is binding upon the parties and their heirs.
The judgment is reversed and the cause remanded.
Judgment reversed.