SUBLETT AND OTHERS v. KERR'S EX'ORS.

Where the petition alleged a contract in writing respecting a piece of land on the south-west bank of the Sabine River, adjoining certain other lands, and the contract, when offered in evidence, was found to describe the land as lying on the Sabine River, only, it was held there was no variance, as the petition did not purport to recite the words of the contract, and the descriptions were not variant.

Where the written instrument on which the action is founded is ruled out at the trial, and the party takes his bill of exceptions, it is not necessary for him to proceed with the trial, nor, if he does proceed to verdict and judgment thereon, to prepare a statement of all the facts proved.

Appeal from Shelby.   After the contract on which the action was founded, was excluded at the trial, there was a verdict and judgment for the defendants.   The facts are sufficiently stated in the opinion.

*O. M. Roberts,* for appellants.   Fifth assignment excluding plaintiffs' evidence.   Plaintiffs offered in evidence the instrument sued on, which was objected to by defendants, because it varied, as contended, from the contract set out in the petition, (though the nature of the objection does not appear on record,) in this, that the petitioner says, " that heretofore, " to wit: in the county of San Augustine, on the 20th day of " June, A. D., 1837, your petitioners and one William Kerr " of said county of Shelby, formed a partnership for the purpose " of purchasing and locating a headright certificate on a tract " of land then vacant and lying on the south-west bank of the

" Sabine river, adjoining the lands of Richard Haley, junior;" and the contract uses the terms " a parcel of land lying on the Sabine river."

It will be seen, by reference to the balance of the petition, that the above is a mere introductory averment, stating what was the intention of the parties in forming the partnership evidenced by the paper signed and sealed by them—to fix and determine the locality of the "land lying on the Sabine river," which was intended to be the object of the partnership, and not an attempt to set forth one of the terms of the contract. The pleader did not attempt to set out the whole instrument. He sought to identify the instrument by the time and place when and where it was made, and by its being executed ("signed and sealed") by the parties, and then substantially set forth such of the terms thereof as show their right to an account and partition as prayed for by them.

This appellants' counsel regards as the most important error in the case, because it most materially affected the merits. It is sufficient to set out and prove legal effect of instrument. Even if it be misdescription it could not have taken the opposite party by surprise or misled him. (McLelland v. Smith, 3 Tex. R. 213.)

*R. S. Walker*, for appellees. The fifth assignment is that, the Court erred in excluding the evidence offered by plaintiff, and particularly the contract on which the suit is founded.

This Court should not regard this assignment because there is no statement of facts in the case, and therefore if there were error in the ruling, as an abstract proposition, there is no statement of the facts offered to the jury, from which this Court could determine that the verdict was wrong or should be disturbed. "To enable this Court to revise a judgment on " the merits, the facts of the case, that is all the material facts " in evidence must be embodied in the record," (Henderson v. Trimble, 8 Tex. 174,) and because the instrument referred to is not included in the bill of exceptions.

But if it can be considered, there is no error; there is a variance between the instrument offered and that set out in the petition. Had it or a copy been filed with the petition, the objection by defendants could not have been sustained; but that the pleader undertakes to describe it by its legal effect, and the identity is not aided by referring to it as marked (A.) The petition alleges the existence of a " partnership for the " purpose of purchasing and locating a headright certificate " on a tract of land, then vacant and lying on the south-west " bank of the Sabine river, adjoining the lands of Richard " Haley, junior. Which agreement of partnership was then " and there reduced to writing, and signed and sealed by the " parties," &c. The instrument offered is different wholly from such an instrument in writing, and cannot be that declared on. (Mason v. Kleberg, 4 Tex. R. 85.) The portion of the description of the instrument, above quoted, is essentially descriptive, as without it would be clearly a variance, as the balance of the descriptive portion merely gives the conditions and qualifications of the contract of partnership.

WHEELER, J. The only question presented by the record which is deemed to require notice, is as to the propriety of the ruling of the Court in excluding the partnership agreement on which the suit was founded. It does not appear by the bill of exceptions on what ground the instrument was excluded. But the counsel for the respective parties concur in placing it upon the sole ground of variance between the instrument described in the petition and that offered in evidence. The petition alleges that the plaintiffs and defendant, on a day named, (the same as the date of the instrument,) " formed a partner- " ship for the purpose of purchasing and locating a headright " certificate on a tract of land then vacant and lying on the " south-west bank of the Sabine river, adjoining the lands of " Richard Haley, junior; which agreement of partnership was " then and there reduced to writing, and signed and sealed by " the parties, and delivered into the possession of the said

" Philip A. Sublett by the consent of all the said parties for " safe keeping ; which said agreement of partnership is here " to the Court shown marked (A.) Your petitioners further " represent, that by the terms of said agreement each one of " the parties thereto was to bear an equal share of expenses incurred," proceeding to state the substance of the agreement, according to its legal effect. Though made profert of, it was not filed ; and when offered in evidence, appeared to be an agreement between the parties of the purport of that described in the petition, and commencing with the recital that the parties " have this day agreed to form a partnership for the pur- " pose of jointly purchasing and locating a headright to a " parcel of land lying on the Sabine river, each one of the " parties agrees," &c.

The variance, it is insisted for the appellee, consists in this, that the description of the locality of the land in the deed of partnership is variant from that contained in the petition.

The force of the objection is not perceived. In stating the subject matter of the partnership agreement, the pleader was not seeking to set forth, or describe the terms or contents of the agreement. He described the locality of the land, in order to identify the subject matter of the contract with greater certainty than that which was afforded by the contract itself. But this description of the local situation of the land was not, and did not profess to be, given by way of describing the tenor or purport of the contract. It was, it is true, a descriptive averment ; but it was descriptive merely of the locality of the subject matter of the contract ; not of the contract itself. If the contract offered in evidence had described the land as situated in a different locality, showing that it related to a different subject matter from that stated in the petition, it might properly have been excluded for the variance, or want of relevancy. But it was not a ground for excluding the evidence, simply that it did not contain as full a description of the subject matter of the contract as that contained in the petition.

24

But it is insisted that this ruling is not subject to revision because there is in the record no statement of facts. This case is not analogous to the case cited in support of the agreement, (8 Tex. R. 174.) There it was proposed to revise the judgment upon the merits. Here it is proposed to revise a ruling of the Court by which the party was, in effect, deprived of a hearing upon the merits of his case. The evidence excluded was the foundation of the action. It could not be supplied by other evidence. It would have been idle for the plaintiff to have proceeded to introduce evidence, when the foundation of his right to recover had been thus swept away.

We are of opinion that the Court erred in excluding the instrument offered in evidence, and that the judgment be reversed and the cause remanded.

Reversed and remanded.