SOUTHERN PAC. CO. v. C. H. COX & CO. et al.

(Court of Civil Appeals of Texas. March 22, 1911. Rehearing Denied April 12, 1911.)

1. WITNESSES (§ 255*) — TESTIFYING FROM MEMORANDA.

In an action against a railroad company for loss of eggs shipped, defendant's loading clerk, who had for 15 years checked waybills against the count of the freight in cars by another clerk and kept records thereof and had always found his records to be correct, could testify from his records that only a certain number of cases of eggs were delivered, and such counting clerk could also testify to the same fact from such record; it being permissible to testify from records known to be "correct as to numbers, dates, sales, etc., though he has no present memory thereof.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 874–890; Dec. Dig. § 255.*]

2. APPEAL AND ERROR (§ 548*)—STATEMENT OF FACT.

While, as a rule, in absence of a statement of fact, a judgment will not be reversed for the exclusion of evidence, it will be reversed without a statement of fact where the excluded evidence is material and relevant to the controlling issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

3. CARRIERS (§ 185*) — FREIGHT — LOSS — ACTION—RELEVANCY OF EVIDENCE.

In an action against a carrier for loss of goods in which the issue was whether the connecting carrier received the missing goods and did not deliver them, evidence that it did not receive such goods was material and relevant.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 185.*]

4. APPEAL AND ERROR (§ 548*) — RECORD — STATEMENT OF FACTS—REVIEW.

In an action against a carrier for loss of goods, the controlling questions were whether the goods were delivered to the connecting carrier and not delivered to the consignee and whether the carriers were copartners, and the trial court decided that plaintiff was not entitled to recover against the initial carrier. Held, that the decision negatived the theory of partnership so that judgment against the connecting carrier must have been upon the ground that it received and failed to deliver the goods, so as to make applicable to the exclusion of relevant evidence that it did not receive them the rule that a judgment will be reversed for error in excluding evidence even in the absence of a statement of fact, if it be relevant to the controlling issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

Appeal from McLennan County Court; Tom L. McCullough, Judge.

Action by C. H. Cox & Co. against the Southern Pacific Company and another. From a judgment for plaintiff against the defendant named, it appeals. Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Baker, Botts, Parker & Garwood and O. L. Stribling, for appellant. J. W. Cocke, for appellee.

KEY, C. J. We copy from appellant's brief a correct statement of the nature and result of this suit: "Appellees, C. H. Cox & Co., instituted this suit in the county court of McLennan county, as plaintiffs, against Gulf, Colorado & Santa Fé Railway Company and Southern Pacific Company, as defendants, to recover the value of 65 cases of eggs which were alleged to have been delivered to the defendants as common carriers for transportation from a point on the Gulf, Colorado & Santa Fé Railway company's line to New York, via Galveston, on the steamship of appellant, from Galveston to New York. It is alleged that 176 cases of eggs were delivered to the Gulf, Colorado & Santa Fé Railway at Killeen, and loaded into car, initial T. & P. No. 7124; that 218 cases of eggs were loaded in the same car at Temple, a point on the Gulf, Colorado & Santa Fé Company's line, and 65 cases were loaded in the same car at Cameron, Tex., also a point on said Gulf, Colorado & Santa Fé Railway Company's line; that a through bill of lading was issued to cover said shipment, amounting in all to 459 cases of eggs, to be carried from the initial points, via Galveston, to New York by the two defendants; that said shipment was to be carried to Galveston over the line of the Gulf, Colorado & Santa Fé Railway Company, and thence in one of the ships of the Southern Pacific Company to destination. The contention of the appellant made before the trial court, and as presented by this record, was that only 394 cases of eggs were delivered to it at Galveston by the Gulf, Colorado & Santa Fé Railway Company, and in support of this contention the appellant offered in evidence the deposition of the witnesses Sullivan, Kelly, and McKenzie. Objections to which answers were sustained by the trial court, and the court rendered a judgment for plaintiff against appellant for the sum of $293.35, the value of the eggs lost, with interest, and in favor of the Gulf, Colorado & Santa Fé Railway Company. Appellant filed motion for new trial, complaining of the action of the court in excluding testimony offered, as shown by the record herein, which motion was by the court overruled. Appellant excepted to the action of the court, and gave notice of appeal, and filed appeal bond within the time prescribed by law." We also add that no statement of facts has been brought up.

[1] We sustain the first and second assignments of error, which complain of the action of the trial court in sustaining the objection of the Gulf, Colorado & Santa Fé Railway Company to portions of the depositions of the witnesses Jerry Sullivan and P. J. Kelly. The excluded testimony and its relevancy is shown by bills of exception Nos. 1 and 3, which read as follows:

"The defendant, South Pacific Company, offered in evidence, in its own behalf, the deposition of Jerry Sullivan, who testified that he resided in Galveston, Texas, and was eastbound loading clerk of the Southern Pacific Steamship Company at the date of the shipment of the eggs involved in this suit. That his duties were to check up all freight that goes from cars to ship east bound, and keep records for defendant company; that he did keep such records taken from waybills in his possession, which were checked by him against the count of car counter Kelly; that his records were correctly kept by him; that his records were absolutely correct; that for fifteen years he had been checking waybills and car counts, and kept record of same, and had never made a mistake of this nature.

"That he took record from waybill, and such record, as to number of cases of eggs delivered to the Southern Pacific Company, is correct, as checked against Kelly's count at the time he made the record; that Kelly was the only one who was allowed to count freight in cars at that time, and he (witness) never trusted or allowed any other party to count freight; that he (witness) checked, and, as he (witness) checked this shipment, he (witness) knows Kelly counted it. Whereupon the defendant Southern Pacific Company offered in evidence cross-interrogatory No. 1, propounded by the defendant Gulf, Colorado & Santa Fé Railway Company to said witness as follows: 'You do not know of your own knowledge, do you, how many cases of eggs were actually contained in the said car when received by the Southern Pacific Company?' To which question said witness answered: 'I know from records made by me correctly at the time that there were only 394 cases contained in said car.' To which answer the defendant Gulf, Colorado & Santa Fé Railway Company then and there objected, on the ground that the same was not the best evidence, which objection was by the court sustained, and said answer was excluded from consideration of the court."

"The defendant Southern Pacific Company offered in evidence the deposition of the witness P. J. Kelly, who, among other things, testified: That in the month of April, 1905, he resided in Galveston and was freight counter and storage clerk for the Southern Pacific Company there. That he had no record of or means of identifying the waybill, as to the shipment inquired about, and involved in this suit. That he kept no record at all as to his counts. Mr. Sullivan kept all records of freight loaded into the ship. That he had access to the record kept by Mr. Sullivan in cargo book. That anything that appears circled upon the cargo book of Mr. Sullivan is supposed to be counted by me, and a true record of said count. I have no recollection of how many cases were in the car, I can only testify as to what appears

from the records kept by Sullivan.' Whereupon the defendant offered the following of witness' answer to direct interrogatory No. 3: 'By referring to cargo book from March 19, 1905, to April 22, 1905, kept by Jerry Sullivan, shipping clerk, I find that on April 20, 1905, a shipment of eggs counted by me in T. & P. car 7124 (which according to said book counted 394 cases of eggs; on said book this No. 394 is circled, which circle shows that the number corresponds to waybill and number of cases in car).' To which answer as contained in parenthesis, being last four lines, the defendant Gulf, Colorado & Santa Fé Railway Company objected upon the ground that said testimony was not the best evidence, which objection was by the court sustained, and that part of witness' answer, as follows: 'Which according to said book counted 394 cases of eggs; on said book this No. 394 is circled'—was by the court excluded."

In Dugan v. Mahoney, 11 Allen (Mass.) 572, in discussing this character of testimony, the court said: "It is obvious that this species of evidence must be admissible in regard to numbers, dates, sales, and deliveries of goods, payments and receipts of money, accounts, and the like, in respect to which no memory could be expected to be sufficiently retentive, without depending upon memoranda; and even memoranda would not bring the transaction to present recollection. In such cases, if the witness, on looking at the writing, is able to testify that he knows the transaction took place, though he has no present memory of it, his testimony is admissible." To the same effect. see Pearson v. Wightman, 1 Mill, Const. (S. C.) 336, 12 Am. Dec. 641; Schettler v. Jones, 20 Wis. 412; Bank v. Cowan, 7 Humph. (Tenn.) 70; Abbott's Trial Evid. p. 396. The rule announced in the authorities cited seems to be reasonable and sound, and we hold that it applies to the testimony referred to in the assignments now under consideration.

The other assignments presenting other questions are not regarded as tenable.

[2] We note the contention in appellees' brief to the effect that, if abstract error is shown, the case should not be reversed because there is no statement of facts. The general rule is well settled, as contended on behalf of appellees, that, in the absence or a statement of facts, a case will not be reversed on account of rulings made upon the admissibility of testimony. That rule is not without exception, and, where the excluded testimony appears to be material and relevant to an issue made by the pleadings, and upon which issue the gist of the case depends, the exception applies. Harvey v. Hill, 7 Tex. 591; Sublett v. Kerr, 12 Tex. 366; Galbreath v. Templeton, 20 Tex. 47; Fox v. Sturm, 21 Tex. 407; Torrey v. Cameron, 74 Tex. 189, 11 S. W. 1088; Railway

Co. v. Lochlin, 87 Tex. 467, 29 S. W. 469; Ivy v. Ivy, 51 Tex. Civ. App. 397, 112 S. W. 112.

[4] The case at bar presented but two theories upon which appellant could be held liable, and these were (1) proof that the property was delivered to appellant and not delivered by it to the consignee; or (2) that appellant was a partner with the other defendant. The trial court decided that the plaintiff had shown no cause of action against the other defendant, and that decision negatives the existence of a partnership, and leads necessarily to the conclusion that the trial court rendered judgment against appellant upon the theory that it received the property and failed to deliver it to the consignee. [3] The excluded testimony tended to show that appellant did not receive the property, and therefore it was relevant to the issue upon which the trial court must have decided the case in favor of appellees. Hence we hold that reversible error is shown, and for which the case is reversed and remanded.

Reversed and remanded.