CLARK & SCHAEFFER v. GAAR–SCOTT & CO.

(Court of Civil Appeals of Texas. El Paso. Feb. 5, 1914.)

1. APPEAL AND ERROR (§ 548*)—RECORD—RE-VIEW IN ABSENCE OF STATEMENT OF FACTS.

Rulings upon the admissibility of testimony will not ordinarily be reviewed in the absence of a statement of facts, except where testimony is excluded which appears to be material and relevant to the issue involved, and upon which the merits of the case depend; and hence, in an action for the price of a traction engine, an assignment of error in the exclusion of evidence as to a breach of warranty was entitled to consideration upon its merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

2. APPEAL AND ERROR (§§ 548, 690*)—ADMIS-SION OF EVIDENCE—REVIEW IN ABSENCE OF STATEMENT OF FACTS—SUFFICIENCY OF REC-ORD.

To entitle a party to a review of rulings upon the admissibility of testimony in the absence of a statement of facts, not only must the evidence excluded appear to be material and relevant to a material issue, but it must appear with reasonable certainty that error has been committed resulting in substantial injury to the complaining party; and hence, where the entire record is not before this court, it is unable to say whether the exclusion of material testimony was injurious.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440, 2897–2899, 2902–2904, 2906, 2908; Dec. Dig. §§ 548, 690.*]

3. APPEAL AND ERROR (§ 1031*)—REVIEW — PRESUMPTION IN SUPPORT OF JUDGMENT.

In an action for the price of a traction engine, with answer claiming damages for breach of warranty, where the plea of estoppel against such claim based on defendant's failure to give the six days' written notice required by the contract may have been conclusively shown to have been well taken by defendant's own testimony, in which case error in excluding defendant's evidence as to breach of warranty would have been harmless, the court, in support of a judgment for plaintiff, must indulge a presumption that it was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–4046; Dec. Dig. § 1031.*]

4. PRINCIPAL AND AGENT (§ 148*)—AUTHOR-ITY—LIMITATION—WARRANTY.

In an action for the price of a secondhand traction engine, sold under a written contract excluding such machinery from the operation of warranties and stating that the seller's agent had no authority to change its provisions as to warranty unless authorized in writing, evidence for defendant as to a warranty made by such agent was properly excluded.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 534–552; Dec. Dig. § 148.*]

Error from District Court, Harris County; Wm. Masterson, Judge.

Action by Gaar-Scott & Co. against Clark & Schaeffer. Judgment for plaintiff, and defendant brings error. Affirmed.

Byers & Jackson, of Alvin, for plaintiff in error. L. R. Bryan, of Houston, for defendant in error.

HIGGINS, J. Defendant in error brought this suit to recover upon certain promissory notes executed by plaintiffs in error in part payment for a secondhand traction engine sold to them by defendant in error and for foreclosure of mortgage upon same. Defendants answered by a general denial, and specially pleaded a failure of consideration of the notes sued upon, in that the engine was sold under a guaranty that it would successfully pull four 12-inch gang plows in hog wallow land; that the engine was sold by and guaranty given by Paul W. Joplin, plaintiff's agent in Houston; and that the same wholly failed to perform the service guaranteed. By supplemental petition plaintiffs denied under oath "that the purported contract of September 16, 1910, attached as 'Exhibit A' to the defendant's second amended original answer and cross-bill, was executed by this plaintiff or by any one having authority so to do, and specially this plaintiff says that the said Paul W. Joplin had no authority to execute said alleged contract for and in behalf of this plaintiff, Gaar-Scott & Co." In this connection it may be said that defendant's answer in the record is their first amended original answer, and not the second, and there is no such document attached thereto as is referred to in the sworn denial, nor does same elsewhere appear in the record. In the supplemental petition it was further averred that the engine was sold upon a written order, containing the following provisions: "As a condition hereof, it is fully understood and agreed that this order is given subject to the acceptance of Gaar-Scott & Co., at its home office in Richmond, Indiana, and that no promise, whether of agent or employé or attorney, in respect to the payments, security or to the working or guaranty of the machinery named, will be considered binding unless made in writing and ratified by an officer of Gaar-Scott & Co., and that no representation made by any person as an inducement to give and execute this order, shall bind the company. * * * That the warranty on the back of this order does not cover secondhand machinery sold, and I hereby agree to accept such machinery just as it stands, without any warranty whatever. * * * Warranty. Caution: No person, unless authorized in writing from the home office, at Richmond, Indiana, by an officer of Gaar-Scott & Co., has any authority to add to, abridge or change this contract and warranty, in any manner, and to do so will render it void and of noneffect. * * * If, inside of six days from the day of its first use, any of the said articles of machinery shall fail in any way to fill this warranty, written notice (by registered letter) shall be given immediately by the purchaser to Gaar-Scott & Co., at their home office, at Richmond, Indiana, and written notice (by registered letter) also to the local agent

through whom the same was received, stating particularly what part and wherein it fails to fill the warranty, and a reasonable time allowed to the company to get to the machinery with skilled workmen and remedy the defects, if any there be (if they be of such nature that the remedy cannot be suggested by letter) the purchaser to render all necessary and friendly assistance and cooperation in making the machinery a practical success." It was further averred "that such written contract was afterwards accepted by plaintiffs at its home office in Richmond, Ind., in its entirety as it was executed by the defendants and by plaintiff's local agent, Paul W. Joplin, and that this plaintiff is not bound by any other or further warranty, terms, agreements, or conditions than those which appear in said written contract. Plaintiff further says that, if this plaintiff is to be held upon any warranty or guaranty as to said engine, then and in that event it says the defendants did not within six days from the day of the use of said machinery, nor at any other time, give written notice by registered letter, to plaintiff, Gaar-Scott & Co., at their home office, Richmond, Ind., nor give their written notice by registered letter, also, to said Paul W. Joplin, the local agent, through whom said machinery was received, stating particularly what part and wherein said machinery failed to fill the warranty, and that defendants continued to use said machinery after the expiration of six days from the day of its first use, and continued to use said machinery for more than thirty days thereafter. Wherefore plaintiff says that defendants, because of all the aforesaid facts, are now estopped to claim the said machinery is not according to the contract, and that the same was not finally accepted by them, and that they are not bound to pay said notes sued on." Upon trial before a jury, a peremptory instruction was given in plaintiff's favor, in accordance wherewith verdict was returned and judgment rendered.

There is no statement of facts in the record, and the only error assigned relates to the exclusion of testimony of the defendants Clark and Schaeffer and G. I. Huffman, by whom it was sought to be proven that "the defendants Clark and Schaeffer went to the office of Gaar-Scott & Co., in Houston, Tex.; that they found Mr. Paul W. Joplin in charge of the business of plaintiff local agent; that defendants contracted to purchase from plaintiff the engine involved in this suit and fixtures on the price and terms agreed on; that, prior to the closing of the contract, they had a conversation with Joplin as to whether or not the plaintiff would warrant the said engine to do certain work, representing that they had hog wallow ground to plow; that they could make large contracts in Julieff or near Julieff in Texas for plowing; that said Paul W. Joplin assured defendants that the engine would successfully pull four 12-inch gang plows at an ex-

pense of not exceeding $16 per day; that, when defendants were presented with the contract attached to plaintiff's pleadings to sign, they objected to signing it on account of the stipulations as now set up in plaintiff's pleadings with reference to the warranties; that thereupon said Paul W. Joplin assured the defendants that he would give them, in behalf of plaintiff, a warranty, a written warranty, as per Exhibit A attached to defendants' second amended original answer, and that same would become a part of the contract, and that same would be forthwith lived up to by the plaintiff; that, relying upon said representations and warranties, they signed the original contract; but that afterwards the plaintiff on the 21st of September, following, delivered said engine at Julieff, Tex., sending a man along with said engine to set up and operate it, together with a copy of said written warranty as per said Exhibit A attached to defendants' pleadings; that defendants paid the consideration, $250 in cash and executed said notes, on delivery of the engine at Julieff, but that Mr. Ledbetter, the man who came out to operate or plow with the same that day, told defendants they would need a different appliance for hitching the plows to the engine, told them to get trucks for that purpose, and that he would come back when they got them and fulfill the terms of said warranty by making said engine plow successfully with said four gang plows; that said Ledbetter, representing the plaintiffs, came back the second time, but only plowed about two acres when a part of said engine broke, and he was unable to further operate or plow with it; that plaintiff sent back again in an attempt to make said engine pull with said plows, but wholly failed to operate same successfully as provided in said warranty market Exhibit A and attached to defendants' second amended original answer; further, that the defendants have sustained the damages as set up in their said answer, and also that Paul W. Joplin was in the office and warehouse of the plaintiff, acting apparently in the capacity of agent of plaintiff."

[1] Rulings upon the admissibility of testimony ordinarily will not be reviewed in the absence of a statement of facts. This general rule is subject to exception where testimony is excluded which appears to be material and relevant to an issue involved, and upon which the merits of the case depend. Torrey v. Cameron, 74 Tex. 187, 11 S. W. 1088; Railway Co. v. Cox, 136 S. W. 103, and cases there cited. Tested by this rule, the assignment is entitled to consideration upon its merits.

[2] In such case, however, not only must the same fall within the exception noted, but it must further appear with reasonable certainty that error has been committed which produced substantial injury to the complaining party. Daniels v. Daniels, 128 S. W. 469; McCarty v. Wood, 42 Tex. 39.

And in Torrey v. Cameron, supra, Judge Gaines said: "Where the evidence appears material and relevant to the issues under any probable state of the testimony, and where the ground of objection is one that is not tenable, we apprehend the bill of exceptions ought to be considered and the ruling revised, although no statement of facts appears in the record. * * * It is the duty of a party who here seeks to secure a reversal of the judgment of a lower court to bring to this court a record of the proceedings sufficiently full to show clearly the error of which he complains. If he bring a record which shows the proceedings only in part, every reasonable presumption will be indulged in favor of the court's ruling, and the case will not be reversed unless it appear that upon no possible state of the case could the ruling be upheld. We cannot say that there was manifest error in excluding the testimony under consideration, and conclude therefore that the assignment of error predicated upon that ruling is not well taken."

Not having the entire record before us, we are unable to say whether the exclusion of the proffered testimony harmed the defendants.

[3] The plea of estoppel based upon failure to give the six days' written notice required by the contract may have been conclusively shown to be well taken by the defendants' own testimony, in which case the error would have been harmless, and we must indulge this presumption in support of the judgment.

[4] There is nothing in the record to support the statement in plaintiff in error's brief to the effect that certain admissions were made by it with reference to the plaintiff's right to recover, which would rebut any such presumption arising in its favor from other evidence possibly in the record. That no such admissions were made is indicated by the record, since defendants' answer contained a general denial. Furthermore, the objection to the testimony stated in the bill appears to be well taken, since the written contract excluded secondhand machinery from its operation and upon its face disclosed that Joplin had no authority to change its provisions with reference to warranty unless so authorized in writing by an officer of Gaar-Scott & Co.

Affirmed.